SARAH J. WILLIAMS, Appellant, v. JAMES M. WILLIAMS, Respondent.

### Kansas City Court of Appeals, May 23, 1887.

1.  PRACTICE—BILL OF EXCEPTIONS NOT FILED IN PURSUANCE OF LAW. Where the errors complained of are such as can only be brought to the attention of this court by being preserved in a *bill of exceptions;* and the instrument purporting to be a bill of exceptions does not appear to have been filed in the cause, *as by law required,* this court is *precluded* from considering them.

2.  —— BILL OF EXCEPTIONS—REQUISITES CONCERNING " FILING " OF, ETC.—When leave is granted to file a bill of exceptions *in vacation,* there must be some certificate on the bill itself, signed by the clerk, indicating the fact and date of filing, or some entry made by the clerk in the records of the court, to that effect.  The bill, until both *signed and filed,* forms no part of the record, and the

term "filed," as above employed, means the entry made by the clerk *on the record*, by which the fact that the bill has been *allowed* is announced and appropriately *evidenced*. Neither the indorsement of the *clerk* on the bill of exceptions, "filed," with day and date, nor the statement of the *judge*, that it is signed, sealed and made a part of the record, nor *both*, will suffice. There must be a *ecord entry* that it was filed.

APPEAL from Henry Circuit Court, HON. J. B. GANTT, Judge.

*Affirmed.*

FYKE & CALVIRD, for the appellant.

JOHN T. SMITH, for the respondent.

PHILIPS, P. J.—This is an action for divorce. The court refused to grant the prayer of the petition, and dismissed the same. Plaintiff has appealed. As the errors complained of are such as can only be brought to the attention of this court by being preserved in a bill of exceptions, we are precluded from considering them, for the reason that what purports to be a bill of exceptions, in this case, does not appear to have been filed in the cause, as by law required.

The record shows that the plaintiff took leave to file a bill of exceptions in vacation. "When leave is granted to file a bill in vacation, there must be some certificate on the bill itself, signed by the clerk, indicating the fact and date of filing, or some entry made by the clerk in the records of the court to that effect." *Lafollette v. Thompson*, 83 Mo. 199. In *Fulkerson v. Houts* (55 Mo. 302), the court say, "the bill, until both signed and filed, forms no part of the record. The term, 'filed,' as above employed, has a broader signification than the mere indorsement to that effect, and comprehends more especially, in its proper interpretation, the entry made by the clerk on the record, by which the fact that the bill has been allowed is announced and appropriately

evidenced. The law has, in its wisdom, thrown around these instruments, upon which so much depends, these safe-guards of authenticity, and we will not be unmindful of its behests." In *Pope v. Thompson* (66 Mo. 661), after quoting, approvingly, the language above, the court say: "It must appear, by an entry of record in the record proper, that the bill of exceptions was filed. Neither the indorsement of the clerk on the bill of exceptions, 'filed,' with day and date, nor the statement of the judge, that it is signed, sealed, and made a part of the record, nor both, will suffice. There must be a record entry that it was filed."

In *Ferguson v. Thacher* (79 Mo. 512), it was held that it was not essential to the acceptance of a bill of exceptions, filed in vacation, that the clerk should indorse the fact of filing on the back of the bill. An entry of record of the fact, if it identify the bill, would be sufficient. But when filed in vacation, the record must show either the indorsement of the clerk on the bill of the fact of filing, or there must be a record entry of the fact made by him. *Lafollette v. Thompson, supra.* The record in this case fails to show either of these requirements. It does not appear that the clerk indorsed the fact of the filing on the bill, nor that he made any record entry thereof.

On an examination of the record it is manifest that the transcript was made up, first, without any reference to this matter. After it was completed, there occurs, without any heading, or more, the following: "Bill of exceptions, filed May 25, 1886." This is nothing more than a mere recitation by the clerk in making out the transcript. It does not purport to have been an indorsement of the paper, nor an entry of record in this case. It was not signed by the clerk, nor is it entitled, as of this case. It is clearly insufficient.

There appearing no errors of record proper, it follows that the judgment of the circuit court must be affirmed. It is so ordered. All concur.