KELLY v. UNION RAILWAY & TRANSIT COMPANY, *Appellant.*

1. **Negligence** : CITY ORDINANCE : RAILROAD. A railroad company is liable for an injury caused by its servants, notwithstanding plaintiff's contributory negligence in being on its track, if the observance by it of a city ordinance in force would have enabled its servants to have seen plaintiff in time to have avoided the accident.

2. —— : —— : ——. An ordinance of the city of St. Louis regulating the running of railroad trains within the city, *held* properly admitted in evidence. (*Merz v. Railroad*, 88 Mo. 672).

*Appeal from St. Louis City Circuit Court.*—HON. SHEPARD·BARCLAY, Judge.

AFFIRMED.

*S. M. Breckenridge* and *M. F. Watts* for appellant.

(1) The court erred in refusing to instruct the jury as requested by defendant at the close of plaintiff's case, as well as at the close of the defendant's case, that plaintiff could not recover. *Lenix v. Railroad*, 76 Mo. 86; *Drain v. Railroad*, 10 Mo. App. 531; *O'Donnel v. Railroad*, 7 Mo. App. 190; *Henze v. Railroad*, 71 Mo. 636; *Fletcher v. Railroad*, 64 Mo. 434; *Harlan v. Railroad*, 65 Mo. 22; *Zimmerman v. Railroad*, 71 Mo. 476; *Hallihan v. Railroad*, 71 Mo. 113; *Rains v. Railroad*, 71 Mo. 164; *Nelson v. Railroad*, 68 Mo. 593; *Nolan v. Shickle*, 69 Mo. 336; *Maher v. Railroad*, 64 Mo. 267; *Moody v. Railroad*, 68 Mo. 470–4; 2 Thomp. on Neg. 1157; *Maloy v. Railroad*, 84 Mo. 270; *Rine v. Railroad*, 88 Mo. 392. (2) The court erred in refusing to instruct the jury, as requested by defendant at close of defendant's evidence, that on all the evidence plaintiff could not recover. Thompson's Carriers of Passengers, 75, and cases there cited. (3) The section of the city ordinance was erroneously admitted in evidence. *Bauer v. Railroad*, 69 Mo. 219. (4) The second instruction asked by defendant should have been given. (5) The court erred in refusing the thirteenth instruction asked by defendant. (6) The court erred in giving the second instruction given for plaintiff.

*A. R. Taylor* for respondent.

(1) Although the plaintiff may have been negligent as claimed, yet if the defendant's agents, by the observance of the ordinance, could have averted the injury, the defendant is still liable. *Harlan v. Railroad*, 65 Mo. 26; *Kelly v. Railroad*, 75 Mo. 140; *Scoville v. Railroad*, 81 Mo. 440; *Welsh v. Railroad*, 81 Mo. 472.

(2) The respondent was not a trespasser upon defendant's track, because the Missouri Pacific Railway had a right to connect with, intersect, or cross defendant's track, and respondent as its servant could not be held to be a trespasser whilst thus serving his master. Const. of Mo., 1875, art. 12, sec. 13. (3) Respondent being lawfully upon defendant's track, engaged in making a connection therewith for his master, the Missouri Pacific, was entitled to the active vigilance of the servants of the defendant to prevent injury to him. "Such persons may become engrossed in their labor to such an extent that they may be oblivious of the approach of trains, relying as they may upon the performance of the duty imposed by law upon the railroad company with reference to them." 1 Thomp. on Neg., p. 461, sec. 3; *Good-fellow v. Railroad*, 106 Mass. 462; *Stinson v. Railroad*, 32 N. Y. 337; *Railroad v. Trainer*, 33 Md. 542.

NORTON, C. J.—This cause was tried in the circuit court of the city of St. Louis, and defendant took an appeal from a judgment rendered in plaintiff's favor for two thousand dollars to the St. Louis court of appeals, which court rendered a majority opinion affirming the judgment. Judge Rombauer rendered a dissenting opinion, in which he took the grounds that the majority opinion was in conflict with a decision of this court, whereupon the cause was certified to this court, as required by section 6, of the constitutional amendment adopted in 1884.

Defendant interposed an instruction in the nature of a demurrer to the evidence, which was overruled, and this action of the court is assigned for error. As stated by the court of appeals, the evidence of plaintiff shows the following state of facts: "That plaintiff, who was an experienced track-repairer, was engaged about noon of a cold winter day in screwing, by means of bolts, a

fishplate to a T rail, for the purpose of making a connection between a track of the Missouri Pacific Railway Company and that of the defendant company; that, for the purpose of prosecuting the work more conveniently, he took a position astride of a rail of the defendant's track, with his back toward the northeast; that the place where he was at work was between the Union Depot, at Twelfth street, in St. Louis, and the mouth of the tunnel at Eighth street; that there were many tracks in the vicinity, and trains were constantly being made up in that vicinity, and cars and locomotives were frequently passing over the track when he was at work; that, while he was in a stooping position, a train of defendant, containing five or six cars, came backing along out of the mouth of the tunnel from the northeast at a lawful rate of speed, about four miles an hour, but without observing the precaution of ringing the bell of the locomotive, and of having a man posted on the car farthest from the locomotive to give danger signals, as required by an ordinance of the city; that the plaintiff, absorbed in his work, and relying upon hearing the bell or a danger signal from the man so stationed, did not hear the train as it thus approached him from behind until the foremost car had almost reached him; that he turned and looked up, but not in time to avoid being struck by the car on the head and knocked over in such a position that one of his feet was run over by one or more wheels of the car and crushed so that his leg had to be amputated below the knee."

The evidence shows that plaintiff was not a trespasser on defendant's track, but was rightfully there in the performance of a duty assigned to him as track-repairer. The evidence as to whether the bell was rung or a man was stationed on the car farthest from the engine to give danger signals was conflicting, but it was for the jury, and is not for us, to reconcile this conflict, or to say whether the evidence preponderated

one way or the other. This is especially so in passing upon the demurrer to the evidence, the rule being in such cases that it admits the truth of the facts in evidence and all reasonable inferences in plaintiff's favor which can be drawn therefrom. Giving effect to this rule, the action of the trial court in refusing to take the case from the jury was proper.

It is next insisted that the court erred in the matter of instructions. The court gave five of its own motion, one at the instance of defendant, and refused fourteen. The following showed the theory upon which the case was tried, the correctness of which is challenged by counsel for defendant:

"1. The jury are instructed that at the time and immediately before plaintiff was injured (as shown by the evidence), he was negligent in failing to exercise ordinary care to observe the approach of the train that struck him; consequently the jury should return a verdict in favor of the defendant, unless they find the facts to be as set forth in the instruction number two or instruction number three."

"2. It will be the duty of the jury to return a verdict in favor of the plaintiff, if they find from the evidence that no man was stationed on defendant's said train on the car farthest from the engine; that, in consequence of such omission plaintiff was not warned of the approach of said train in season to escape injury; and that notwithstanding the said negligence of plaintiff in the premises said injury would not have occurred if such a man had been so stationed on defendant's said train, and had exercised ordinary care to warn plaintiff of danger after he discovered (or, by the exercise of ordinary care on his part, could have discovered) the plaintiff was not observing the near approach of said train and was in imminent danger of being struck by it."

"3. If the jury find from the evidence that a man

was stationed on defendant's said train on the car farthest from the engine; that he failed to make any outcry or warning of danger after he could have discovered, by the exercise of ordinary care on his part, that plaintiff was not observing the near approach of said train, and was in imminent danger of being struck by it, and that, in consequence of such failure, the plaintiff was injured, then it will be the duty of the jury to return a verdict for plaintiff."

"4. The jury are instructed that 'ordinary care,' as mentioned in these instructions, depends on the circumstances and facts of each particular case or situation with reference to which that term is used. It is such care as a person of ordinary prudence and caution would usually exercise in the same situation and circumstances. The jury are further cautioned that all the instructions given to them in this cause are to be considered together and as explanatory of each other, excepting that numbered six, which is only to be considered in event the jury decide to return a verdict for the plaintiff under the other instructions given."

It is argued that said instructions are erroneous, because they authorize a recovery for plaintiff notwithstanding his negligence, if defendant either knew, or, by the exercise of ordinary care, could have known, the danger in which plaintiff had placed himself in time to have avoided injuring him, and failed to exercise such care. This contention is not well founded. When a plaintiff is guilty of contributory negligence, the company is nevertheless liable, if, by the exercise of ordinary care, after a discovery by defendant of the danger in which plaintiff stood, the accident could have been prevented, or if the company failed to discover the danger through the recklessness or carelessness of its employes, when the exercise of ordinary care would have discovered the danger and averted the calamity or injury. The principle

here stated has been distinctly announced in the following cases: *Maher v. Railroad*, 54 Mo. 267; *Kelly v. Railroad*, 75 Mo. 138; *Frick v. Railroad*, 75 Mo. 595; *Harlan v. Railroad*, 65 Mo. 22; *Scoville v. Railroad*, 81 Mo. 440; *Welsh v. Railroad*, 81 Mo. 466; *Bergman v. Railroad*, 88 Mo. 678; *Donohue v. Railroad*, 91 Mo. 357; *Rine v. Railroad*, 88 Mo. 392.

This last case expressly recognizes the correctness of the rule announced in the cases of *Kelley v. Railroad*, *supra*, and *Frick v. Railroad*, *supra*. As said by the court of appeals, the above rule is humane, conservative of human life, and consonant with public policy. It is based upon the recognition of the fact that human beings may be, and frequently are, lawfully upon railroad tracks, not only on highway crossings, but at other places; that in such situations they may remain unmindful of an approaching train and thus lose their lives or sustain great bodily injury, if those in charge of the train do not give some warning of its approach. It also proceeds upon a recognition of the fact that a railway train or locomotive is an instrument of danger to those who may happen to be on the track when its wheels are in motion; that those in charge of this instrument of danger ought, not only for the safety of persons who may happen to be on the track, but also for the safety of persons who may be on the train, to keep a constant lookout in front of the train when in motion; that this is a constant and continuing duty of an imperative character, especially when it is imposed, as in this case it is, by an ordinance of the city, and that if a discharge of this duty would have prevented the injury to a person negligently on the track, the company is liable in damages for hurting such person notwithstanding his negligence."

The court properly admitted in evidence an ordinance of the city of St. Louis to the effect that the speed of railroads in the city should be limited to six miles an

hour; that the bell of the locomotive should be rung continuously while moving a train, and that in backing a train a man should be stationed on the car farthest from the locomotive to give danger signals. *Merz v. Railroad*, 13 Mo. App. 589; s. c., 88 Mo. 672; s. c., 14 Mo. App. 459.

We see nothing in the record justifying an interference with the judgment, and it is hereby affirmed. All concur.