LIGGETT, *Plaintiff in Error*, v. MORGAN *et al.*

1. **Appellate Practice:** OBJECTION TO EVIDENCE.. Objection to the introduction of evidence cannot be made for the first time in the appellate court.

2. **Practice:** INSTRUCTIONS. It is not error to refuse instructions embodied in others given, or that present a theory of the case not fairly deducible from the evidence.

3. ——— : ———. Instructions should not assume facts, but should be confined to the material facts in evidence.

4. ——— : ——— : EJECTMENT : ADVERSE POSSESSION. In an action of ejectment, where the defense relied upon is the ten-year statute of limitations, evidence that the defendant, during the period of the running of the statute, offered to pay the adverse claimant for the land tends to disprove the defense, and an instruction which in effect withdraws such evidence from the consideration of the jury is erroneous.

*Error to De Kalb Circuit Court.*—HON. B. J. CASTEEL, Special Judge.

REVERSED AND REMANDED.

*S. G. Loring* for plaintiff in error.

(1) The court erred in the admission of evidence. (2) The court erred in the giving of instructions, especially the third.    There was no evidence that Henry Houk promised the defendant, Catharine Morgan, that if she and her husband would settle upon the land, they or either of them might have it for their own.

*Ramey & Brown* for defendants in error.

BRACE, J.—This is an action in ejectment for a tract of land in DeKalb county described in the petition by metes and bounds. The defense was ten years adverse possession.

The plaintiff derived title to the premises by warranty deed, dated September 24, 1881, from Henry Houk, the patentee. This suit was begun in March, 1882.    The defendant Catharine Morgan is the daughter of the said Henry Houk.    She and her husband went into the actual possession of the premises about fifteen years before this suit was brought, and have been continuously in the possession thereof during all that time.    The only question in the case is : Was this possession held adversely to her father's title ?

The evidence for the defendants tended to show that the premises was a small tract of brush land situate about a half a mile from Henry Houk's home ; that his daughter, Mrs. Morgan, was living elsewhere with her husband ; that her mother having died, and a sister who was living at home with her father being about to marry, in January prior to the defendant's going upon the land, her father through her brother proposed to her that if she would move on the land and help take care of his younger children he would give her the land ; that she accepted the proposal and in pursuance of such agreement the defendants went upon the land, built a house

upon it, cleared up and fenced about three-fourths of it, and ever since have lived upon the premises claiming it as the property of Mrs. Morgan.

The evidence for the plaintiff tended to disprove any such agreement, and to prove that in January before defendants went upon the land Henry Houk, the father of Mrs. Morgan, and Smith Morgan, her husband, entered into a parol agreement by which the said Houk agreed to sell the land to said Morgan for the sum of four hundred dollars to be paid in four equal annual installments of one hundred dollars each, in one, two, three and four years from the day of sale, a bond for a deed to be executed when the first installment was paid, and a deed made when the last installment was paid ; that this was the only agreement that the said Houk ever made with the defendant or either of them about the land ; that they went upon the land ; that the said Morgan never paid any part of the purchase money therefor or any taxes upon the land ; that they remained there about fourteen years when Houk gave Morgan notice to get off, and afterwards conveyed the land to plaintiff ; that neither of the defendants ever claimed to own the land, nor did said Houk ever hear of such claim until after the sale was made to plaintiff. The jury returned a verdict for the defendants and the plaintiff brings the case here by writ of error.

I.   It does not appear by the record that the attention of the trial court was called by specific objection to any evidence complained of as incompetent here, and its action in that behalf cannot be reviewed.

II.   The court refused to give four instructions asked for by the plaintiff. In view of the fact that the substance of all that was properly asked for in three of them is included in the two that were given, and that the fourth one presents a theory of the case not fairly deducible from the evidence and beside the issue presented by plaintiff's evidence to defeat the defendants'

claim of adverse possession, we do not find reversible error in the refusal of the court to give any of them.

III. The court gave three instructions for the defendants, in two of which a fact is assumed, and other facts hypothetically stated, that have not a particle of evidence to support them. There is no evidence tending to show that Henry Houk made any promise whatever "on account of money received by him from the estate of Catherine Morgan's mother," or any evidence tending to show use by the defendants of any part of the land sued for other than that which was enclosed. Instructions cannot be made the means of inviting the consideration of the jury to facts not in evidence, and to others in no way bearing upon the issue, without great danger of confusing and misleading the jury, and they should never be so worded as to convey the idea that there was evidence of a material fact upon which a finding might be made, when in fact there is none. Instructions must be confined to the material facts proven and cannot be made to supply them.

IV. The third instruction for the defendant is as follows:

"3. If the jury believe from the evidence that in the year 1866 or 1867, the plaintiff, grantor, Henry Houk, promised the defendant, Catharine Morgan, that if she, the said Catharine Morgan, and her husband, the defendant, Smith Morgan, would settle upon the land in controversy, they, or either of them, might have it for their own, and that the said defendants did thereupon enter upon and improve the same and continued in actual, open and notorious possession of said land, or any part thereof, exercising acts of ownership over the whole for the period of ten years or more before the second day of March, 1882, in good faith, claiming said land as their own, under and by virtue of said promise, they will find for the defendants, *notwithstanding they*

*may believe that while the defendants were so in possession, claiming said land as their own, they may have expressed a willingness to pay plaintiff's said grantor a sum of money or other property therefor."*

If the court, instead of ringing the changes upon the main proposition in the case through three instructions, had omitted the first two entirely, and so much of the third as is contained in the last clause in italics, the law governing the whole theory of the defense would have been fairly presented to the jury in such a manner that an intelligent response might have been expected to the issue submitted to them. But by the introduction of that clause into the instruction, a material fact in evidence, tending to disprove the theory upon which the jury were therein directed to find for the defendants, and to sustain the theory upon which in the instructions for the plaintiff they were directed to find for him, was treated as immaterial and withdrawn from their consideration, and thus this otherwise good instruction was spoiled.

For the error of the court in the instructions given for the defendants, the judgment is reversed and the cause remanded for new trial. All concur except SHERWOOD, J., absent.