DANFORTH *et al.*, *Appellants*, v. LINDELL RAILWAY COMPANY.

In Banc, June 18, 1894.

1. **Practice:** NEW TRIAL: EXCEPTIONS. If no exception is saved to the ruling of a trial court on the motion for new trial, the proceedings at the trial can not be reviewed upon appeal.

2. **Appellate Practice:** COURT IN BANC. When a cause has been transferred to the court *in banc* from one of the divisions, it is to be heard upon the record as presented upon the submission of the court *in banc*.

3. **Practice:** BILL OF EXCEPTIONS, FILING OF. After the expiration of time allowed to file exceptions in vacation, even the express consent of counsel can not give validity to later exceptions. Nor can the trial court properly authenticate a bill of exceptions after the time to file same in vacation has expired.

4. ———: AMENDMENTS NUNC PRO TUNC. No amendment of a record *nunc pro tunc*, to supply an omitted exception, can be made after a judgment has become final, in the absence of anything in the record or papers of the cause showing that an exception was in fact taken at the proper time.

5. **Practice in Supreme Court:** EXCEPTIONS. Where the record exhibits no exception to the action of the trial court on the motion for new trial, an appellate court can not properly go into the merits of the proceedings at the trial, whether an objection to going into the merits be raised by respondents on appeal or not. In the absence of such exception, the appellate court could not properly reverse the judgment. (Per BRACE and BARCLAY, JJ.; BLACK, C. J., and MACFARLANE, J., *contra*.)

*Appeal from St. Louis City Circuit Court.*—Hon.  D.
D. Fisher, Judge.

Affirmed.

This case came to the court *in banc* from the
first division, upon the following opinion, which states
all the facts necessary to a decision of the case, viz:

Barclay, J.—Plaintiffs sue for statutory damages
($5,000) on account of the death of their minor son,
occasioned by the alleged negligence of defendant in
the operation of its line of street cars in St. Louis.

The answer denies defendant's negligence and
charges plaintiffs and their son with contributory negligence.

That charge was put in issue by a reply.

A trial was had in the circuit court.  Upon the
submission of plaintiff's case, the court gave an instruction to the effect that plaintiffs were not entitled to
recover under the pleadings and evidence.

Plaintiffs  then took a nonsuit with leave, etc.,
and, upon the overruling of their motion for a new
trial, brought the pending appeal.

It has been prosecuted under section 2253 (R. S.
1889) by filing a certified copy of the judgment and
order granting the appeal, supplemented by a printed
abstract in lieu of a complete certified transcript.

But the record and abstracts before us show no
semblance of an exception or objection, in the trial
court, to its denial of the motion for a new trial (or to
set aside the nonsuit).

It is declared by our positive law that "no exception shall be taken in an appeal or writ of error to any
proceedings in the circuit court, except such as shall
have been expressly decided by such court" (R. S.
1889, sec. 2302).

The only alleged errors charged by plaintiffs refer to the selection of the jury, the admission of evidence and the giving of the instruction mentioned. All of these rulings appertain to the trial, and are matters of exception. Unless they are severally objected or excepted to, at the time, the error (if any there be in such act of the court) can not be made the subject of an objection in the supreme court for the first time.

This rule of procedure is too well established in this state to call for discussion now. *Powers v. Allen* (1851), 14 Mo. 367; *Boyse v. Crickard* (1862), 31 Mo. 530; *Harrison v. Bartlett,* (1872), 51 Mo. 170.

It is settled law, furthermore, that an alleged error in giving instructions or upon the evidence or upon any other rulings at the trial, is not reviewable in an appellate court unless assigned as a ground of the motion for new trial. *Warner v. Morin* (1850), 13 Mo. 455; *Brady v. Connelly* (1893), 52 Mo. 19; *Cowen v. Railroad* (1871), 48 Mo. 556; *City v. Brewing Co.*, (1888), 96 Mo. 677.

The ruling on such a motion is not subject to review on appeal or writ of error, unless that ruling was also excepted to. *Berry v. Smith* (1873) 54 Mo. 148; *City of St. Joseph v. Ensworth* (1877), 65 Mo. 628; *State v. Gilmore* (1892), 110 Mo. 1; *Taylor v. Switzer* (1892), 110 Mo. 410.

These decisions are fatal to the success of the present appeal.

All of the above propositions are quite trite, and are settled by long lines of precedents of which but a few have been cited.

They seem to me quite as applicable to cases brought here upon printed abstracts in the place of full transcripts, as to those in which the complete certified copy of the record of the trial court is before us.

In either case it devolves upon the appellant to

show, with reasonable certainty, that the appropriate steps necessary, under the statutes and decisions, to a review of any alleged error relied upon for reversal, have been taken.

In the appeal now at bar, the omission of any exception to the overruling of the motion for new trial is obviously not a mere oversight in the preparation of the plaintiffs' abstract. It is found in what appears to be a printed copy of the bill of exceptions contained in that abstract.

It is, no doubt, proper and right to follow as liberal a construction of the law conferring the right of review as its plain language will bear. But to apply such a construction is a very different matter from an attempt on the part of this court to dispense entirely with the observance of those essential forms which the legislature has considered necessary to the exercise of that right. So long as the law on the subject stands in its present form, our plain duty is to enforce it.

The rightful exercise of the power of this court to revise rulings made during a trial by jury, depends, in part, under our existing law, upon the taking of exceptions to the objectionable rulings when they occur, as well as to the action of the court in refusing to rectify the errors on the motion for new trial.

After the record on the circuit has been closed, and the time to file a bill, preserving the exceptions, has expired, the parties can not then, even by express consent, give validity to such a bill, thereafter filed, for the purpose of obtaining a review upon appeal or writ of error. *Dorman v. Coon* (1893), 119 Mo. 68 (24 S. W. Rep. 731).

Still less should the mere omission of respondent to interpose in this court a formal, but valid, objection to a review of the merits of a case be held to enlarge the power of the court, so that it might properly review

rulings that otherwise would not be reviewable because unexcepted to.

It is the duty of an appellate court in Missouri to sustain the result reached by the trial court, whether that result was induced by correct or erroneous considerations, where sound reasons exist to sustain it. *Callaway v. Fash* (1872), 50 Mo. 422. If the respondent advances such reasons, well and good; but if he does not, and the court is advised of them, are they to be held waived and the judgment reversed because they are not put forward by respondent? Most assuredly not, it seems to me!

In the case before us the defendant insists on an affirmance of the judgment. If an affirmance be proper, for any valid reason disclosed by the record, it is our province to so declare. We are not necessarily restricted to the reasons therefor which respondent may advance.

In the brief of its counsel defendant has objected to the consideration of plaintiffs' alleged errors, claiming that it does not appear that their motion for a new trial was filed in due time. In examining the printed record we have observed the absence of a proper exception to the ruling on the motion for new trial, already described.

We certainly should not knowingly review the merits of proceedings at a trial, where no exception was made (when it might have been made) to the final circuit ruling upon them.

In my judgment it is immaterial whether such objections to considering the merits are raised here by the adverse party, or not. If they come to our knowledge or notice from an inspection of the record, we can not properly pass them by. We certainly could not rightly reverse a judgment after becoming aware that

no exception has been preserved to the vital rulings of the trial judge.

There is a great and substantial difference in this regard between reasons to sustain, and reasons to reverse, a judgment.

Many cases can be found in our reports in which judgments have been affirmed because of some omission to comply with the law respecting the necessary formalities for securing a review of the matters complained of on the appeal. In some of them the appellate court itself appears to have been the first to discover or mention the omission.

In *Foster Vinegar Co. v. Guggemos* (1889), 98 Mo. 391, the court, by Chief Justice RAY, declined to discuss certain assignments of error, based on the admission of testimony, because exceptions had not been taken at the trial, although an examination of the briefs of counsel reveals that respondent interposed no such point.

In *Jayne v. Wine* (1889), 98 Mo. 404, the present learned chief justice, speaking for the court, affirmed a judgment because the printed abstracts were considered insufficient under the rules of court. But no objection to the appellant's abstract was made by the respondent, as appears from the briefs on file. The court, nevertheless, raised the objection without any suggestion from counsel. That ruling was entirely correct.

But if it is proper for the court, of its own motion, to affirm a judgment for noncompliance with the rules of court, for stronger reason is it proper to affirm for failure to take the proper exceptions required by the statute law for a review.

In *Liggett v. Morgan* (1889), 98 Mo. 39, the court, in an opinion by Judge BRACE, declared that certain rulings upon evidence could not be reviewed here for

want of proper objections at the trial. In that case the respondent filed no brief, and hence could not have presented that point to this court.

The same condition of the record appears in *Ruble v. Thomasson* (1855), 20 Mo. 263, where, without any such suggestion by respondent, the court affirmed the judgment because the exceptions were not filed in time. That action was fully approved later in *West v. Fowler* (1875), 59 Mo. 40.

In *Case v. Fogg* (1870), 46 Mo. 47, the court, speaking by Judge BLISS, declined to examine rulings upon certain evidence and instructions for want of specific exceptions to the action of the court, although counsel had discussed, upon their merits, at length, the legal questions involved in the rulings.

No doubt other precedents could be found supporting the position already announced, as to the propriety of affirming where the record fails to show the essential exceptions to the rulings of the trial judge.

But it does not seem that the proposition requires further discussion. It might properly have been disposed of much more summarily, were it not for the difference of views which has been developed concerning it.

The plaintiffs, appellants, have not made any claim of error in the proceedings of the circuit court, other than in regard to rulings at the trial. No error of any kind in the record proper has been suggested.

The judgment in my opinion should be affirmed. Judge BRACE concurs; but, as Chief Justice BLACK and Judge MACFARLANE dissent, we all agree that the cause be transferred to court *in banc* for further proceedings.

*H. J. Cantwell* for appellant.

(1) Sections 1245 and 1246, Revised Ordinances, City of St. Louis, Missouri, were competent and

material under the pleadings, as proof of a violation of the ordinances was competent evidence in support of the allegation of negligence. *Robertson v. Railroad*, 84 Mo. 119; *Kelly v. Railroad*, 95 Mo. 285; *Riley v. Railroad*, 18 Mo. App. 385. (2) Ordinance 15,445, admitted over the objection of plaintiff, was incompetent, irrelevant and immaterial because section 3, which attempts to permit the running of cars east of Grand avenue at a rate of speed greater than ten miles and west of Grand avenue at a rate of speed not greater than fifteen miles an hour is invalid and void because in conflict with sections 1245 and 1246, general ordinances—said general ordinances not having been repealed in express terms. Section 28, art. 3, charter city of St. Louis, pp. 44 and 45. (3) The failure of the motorneer to ring the bell upon approaching the west bound car, knowing as he should that persons passing behind said car were liable to step on the track in front of him, was alone negligence sufficient to have entitled plaintiffs to recover; because the exercise of ordinary care, *i. e.*, ringing the bell, would have prevented the calamity. *Winters v. Railroad*, 99 Mo. 509; *Kelly v. Co.*, 95 Mo. 279; *Eswin v. Railroad*, 96 Mo. 290. (4) The duty to ring the bell under the circumstances of this case existed independent of city ordinances. *Burger v. Railroad*, 112 Mo. 238. (5) At any rate, the question whether a failure to ring the bell, under the circumstances, was or was not negligence, should have been submitted to the jury; for it was, to say the least, a case where fair minded men might differ as to whether or not the inference of negligence should be drawn from the facts in evidence. *Lynch v. Railroad*, 112 Mo. 420; *Spillane v. Railroad*, 111 Mo. 555. (6) A demurrer to the evidence admits the facts, but denies their legal effect, and is equivalent to a special verdict. *Gibson v. Hunter*, 2 H. Bl. Rep. 187; *Pawling v. United States*,

4 Cranch, 319. (7) Where there is a case stated or special verdict the court of error must not only reverse the judgment below, if found .erroneous, but enter a correct and final judgment. R. S. 1889, sec. 2304; *Semmes v. United States*, 91 U. S. 21; *Graham v. Bayne*, 18 How. 60; *Pawling v. United States*, 4 Cranch, 319; *Suydam v. Williamson*, 20 How. 427; *Brown v. Railroad*, 101 Mo. 484; *Carroll v. Co.*, 107 Mo. 653; *Heyneman v. Garneau*, 33. Mo. 565. (8) The law having fixed the amount of recovery at $5,000, there is no necessity for, and plaintiffs should not be subjected to the delay of, another trial. R. S. 1889, sec. 4425.

*Boyle & Adams* for respondent.

(1) The bill of exceptions fails to show that the motion for a new trial was filed within the prescribed four days after the judgment and this court can not consider the errors assigned. R. S. 1889, sec. 3707. *Bollinger v. Carrier*, 79 Mo. 318. (2) The record shows no exception was taken to the action of the trial court in overruling plaintiffs' motion for a new trial. *Depenbrock v. Shaw*, 21 Mo. 122; *Berry v. Smith*, 54 Mo. 148; *City of St. Joseph v. Ensworth*, 65 Mo. 628; *Wilson v. Haxby*, 76 Mo. 345; *McIrvine v. Thompson*, 81 Mo. 647; *State v. Gilmore*, 110 Mo. 1. (3) The court below committed no error in nonsuiting the plaintiff and overruling plaintiff's motion to set aside the nonsuit, or in admitting or excluding evidence.

ON REHEARING IN BANC.

PER CURIAM.—Upon the argument before the whole court, the defendant insisted on the points mentioned in the opinion filed in the first division, as well as other points advanced in the brief of its counsel.

Danforth v. Railway Company.

The court is of opinion that the omission to except to the action of the trial court, in overruling the motion for new trial, debars plaintiffs from presenting for review any of the alleged errors in the rulings at the trial, of which they complain.

This rule of practice we consider settled by the statute on the subject (R. S., 1889, sec. 2302), and by many decisions of this court, some of which are cited in the opinion heretofore filed in the first division.

2. We think defendant can not properly be held to have waived the right to insist now upon the application of this rule, although it did not ask its enforcement on the hearing in division one.

When a cause has been regularly transferred from one of the divisions to the court *in banc*, it is to be heard there upon the record as presented upon the submission to the court *in banc*.

3. Plaintiffs' counsel have asked leave in this court to amend the record by supplying now the needed exception to the overruling of the motion for a new trial.

It was held in *Dorman v. Coon* (1893), 119 Mo. 68 (24 S. W. Rep. 731) that, even the express consent of counsel could not give force or vitality to exceptions preserved after the expiration of the time allowed to file them in the circuit court.

This ruling rests upon the plain and unambiguous terms of the statute requiring the record in a cause to close at a certain point after the lapse of the term of judgment. R. S., 1889, sec. 2168.

The record can only be kept open thereafter, in the manner prescribed by that section. If the extended time runs out, the trial court has then no power to authenticate a bill preserving exceptions to the prior proceedings.

These propositions are settled by too many decisions to require argument now for their support.

There is no material whatever, furnished by the record or papers before us, to indicate that any exception was, in fact, taken to the action of the trial court on the motion for new trial, or that the omission of the exception in the transcript is the result of misprision of any clerk or other copyist of the original. It is conceded that the record here presents a correct reproduction of the original bill of exceptions on file in the circuit court.

There is nothing to amend by, even if an amendment here, of the bill of exceptions, were allowable. *Sutherland v. Round* (1893), 57 Fed. Rep. 467.

But, in the circumstances, it is not necessary to solve that question.

No errors of any sort have been assigned, or suggested as appearing, in the record proper.

However much we might desire to relieve against the apparent hardship of this particular case, we are not free to ignore the limitations on our own power, in that regard, imposed by the law.

The uniform course of decisions in this state, on the points of practice presented by this appeal, leaves us no alternative but to hold that the judgment of the circuit court must be affirmed, and it is so ordered.