E. F. WILDS, Respondent, v. GERMAN INSURANCE COM-
PANY OF FREEPORT, ILLINOIS, Appellant.

Kansas City Court of Appeals, February 3, 1896.

1. Appellate Practice: EQUITY CASES: ABSTRACT: PLEADING.  On
motion to dismiss the appeal in this case for failure to comply with
rule 15, it is *held:*

(1)    That the abstract sufficiently shows that the objection as to
whether the petition did not state facts sufficient to constitute
a cause of action was sufficiently raised and saved.

(2)    That the abstract in other respects is wholly insufficient.

(3)    That in equity cases the appellate court must have the entire
evidence, and the case is tried on the abstract and not on the

*Appeal from the Bates Circuit Court.*—HON. JAMES H.
LAY, Judge.

MOTION OVERRULED.

*Harrison & Harrison*, for appellant, filed brief on
merits.

*Graves & Clark* for respondent.

. (1) The purported abstract of the record filed
herein is not a compliance with the statute, nor with
rule 15 of this court, and the appeal ought to be dis-
missed.    R. S. 1889, sec. 2653; Rules 14, 15 and 18 of
this court; *Goodson v. Railroad*, 23 Mo. App. 76; *Mor-
ris v. Colcheb*, 18 Mo. App. 693; *Brand v. Cannon*, 118
Mo. 595; *Johnson v. Carrington*, 120 Mo. 315.    (2) In
equity cases the evidence should be fully stated, which
is not done in this case.    Rule 14 of this court; *Carter
v. Holman*, 60 Mo. 498–502; *Garrett v. Coal Co.*, 111

Mo. 279–281. (3) Where the propriety of admitting
an instrument in writing in evidence, as was the case
with the policy in this case is questioned, such instru-
ment should appear in full in this record. *Bettes v.
Magoon*, 85 Mo. 580. (4) The purported abstract does
not give the evidence but gives excerpts and cites the
court to the pages of the transcript. This can not be
done. Parties can't even agree to submit a case upon
the written transcript. *Disse v. Frank*, 52 Mo. 279;
*Garrett v. Coal Co.*, 111 Mo. 279.

### OPINION ON MOTION TO DISMISS APPEAL.

GILL, J.—This is a suit in equity, brought to sat-
isfy and cancel a certain deed of trust covering plain-
tiff's real estate. After a somewhat lengthy trial, the
court below entered a decree in plaintiff's favor, and
defendant has appealed.

We have before us now a motion by respondent to
dismiss the appeal on the alleged ground that the
appellant has failed to file such an abstract of the record
as is required by rule 15 of this court. The motion to
dismiss the appeal must be overruled. The appellant
has filed here a printed document intended as an
abstract, and while it is quite deficient in most respects,
it yet furnishes sufficient matter for the determination
of one question raised in its brief. Under the head of
"Points and Authorities," the first point made is that
the petition fails to state a cause of action. On look-
ing back at the abstract we find an alleged copy of the
petition, together with an objection by the defendant
to the introduction of any evidence thereon, interposed
at the trial; that the objection was overruled, and an
exception taken to the court's ruling. Motions for
new trial and in arrest are also copied in the abstract,
and in both the court's attention was again called to

its alleged erroneous ruling on the admission of any evidence on the petition; and these are overruled and exceptions noted. So, then, it clearly appears that we have before us in this abstract enough to call for our judgment as to the sufficiency of the petition. But this is all—the abstract presents no other question for our determination. It altogether fails to disclose the evidence adduced at the trial in the circuit court. Respondent's counsel point out the many and very substantial defects of the abstract. The testimony of quite all the witnesses at the trial is either omitted entirely, or merely referred to in some general language, accompanied by citations to pages in the transcript. Fifty-five pages of closely typewritten evidence is reduced in the abstract to less than five pages. The so-called abstract of the evidence is shown upon face to be far short of what is required to a complete understanding of the case.

In reviewing these equity cases, we must have the entire evidence. We are required to go over and consider the whole of the testimony so as to determine the error or correctness of the judgment below. It is here what may be termed another trial on the facts. How can we put ourselves in the same position as the lower court, unless we have before us the same evidence? And we try the case on the abstract, not on the transcript. Case after case has been written up by the appellate courts of the state reminding attorneys of this rule. See *Trimble v. Wollman*, 62 Mo. App. 541, and authorities cited.

While, then, we shall overrule the motion to dismiss the appeal, the case will be retained simply to determine the one point sufficiently abstracted, to wit: does the petition state facts sufficient to constitute a cause of action?

Motion overruled. All concur.

### ON MERITS.

We are of the opinion that the petition is sufficient. It appears that plaintiff had his house, furniture, and barn, situated on farming lands, insured by defendant, for the sum of $1,200. That afterward he executed a note to the Missouri State Bank for $850 and also executed a deed of trust on the lands, including the house, to secure the note. That a mortgage clause was attached to the policy, recognizing the deed of trust and specifying that in case of loss the money should be paid to the bank according to its interest. Afterward the property was burned and the amount of the aforesaid note, together with the interest due thereon, was paid to the bank by this defendant, and the bank assigned the same to the defendant.

The petition alleges the foregoing facts, and also that plaintiff took out and paid for the insurance aforesaid. That the property destroyed was reasonably worth the amount of the insurance and that the plaintiff was damaged by its loss in the sum of $1,200. That the sum paid to the bank was for the damage and loss to this plaintiff accruing to him, by reason of the fire. That by the payment to the bank, the note was fully paid and the lien of the deed of trust was annulled or discharged.

The contention of defendant seems to be based on the idea that the same allegations are required in this action, as if the action was based on the policy for the recovery of the insurance money. We deem the petition sufficient to sustain a cause of action and hence affirm the judgment. All concur.