ALEXANDER FINLAY, Appellant, v. KATHERINE M. GILL et al., Respondents.

Kansas City Court of Appeals, May 8, 1899.

Appellate Practice: BILL OF EXCEPTIONS: FILING: CHANGE OF VENUE. Change of venue is no part of the record unless made so by a bill of exceptions, and a bill of exceptions that is unfiled is not properly authenticated and must be disregarded.

Appeal from the Jackson Circuit Court.—HON. J. H. SLOVER, Judge.

AFFIRMED.

W. J. HOLLIS and W. J. SCOTT for appellant.

If plaintiff filed an affidavit for a change of venue in substantial compliance with the statute and the application was in due form, the only action the court was warranted by the law in taking, was to sustain the application and send the cause to some adjoining or next adjoining circuit.

TRIMBLE & BRALEY and W. R. THURMOND for respondents.

Appellant's abstract of record fails to show that any bill of exceptions was filed, and as the refusal of the court to grant

him a change of venue is the only error he urges, there is nothing before this court to review. The application for change of venue must be made a part of the record by a bill of exceptions. Wolff v. Ward, 104 Mo. 127; Evans v. Trenton, 112 Mo. 390; Williams v. Williams, 26 Mo. App. 408.

SMITH, P. J.—This is a proceeding brought under the provisions of sections 580 and 586, Revised Statutes, to avoid a judgment obtained on constructive notice, in which the defendants prevailed and the plaintiff appealed here.

The plaintiff, appellant here, demands a reversal of the judgment on the ground that the trial court erred in denying his application for a change of venue. This application constituted no part of the record unless made so by bill of exceptions. Evans v. Trenton, 112 Mo. 390; Stearns v. Railway, 94 Mo. 317; Williams v. Williams, 26 Mo. App. 408. It does not appear from the record or from the indorsements on the supposed bill of exceptions that it was ever filed and it must therefore be disregarded as not being properly authenticated. Lafollette v. Thompson, 83 Mo. 199; State v. Rolley, 135 Mo. 677.

No error is perceived on the face of the record proper and it therefore results that the judgment must be affirmed. All concur.