THE STATE v. GRAY, Appellant.

Division Two, May 9, 1899.

**Overruling Motion for New Trial: NO EXCEPTIONS: APPELLATE PRACTICE.** Unless an exception be taken and preserved to the action of the trial court in overruling a motion for a new trial, there is nothing before the Supreme Court for review except the record proper.

*Appeal from Holt Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

JOHN W. STOKES for appellant.

EDWARD C. CROW, Attorney-General, and SAM B. JEFFRIES, Assistant Attorney-General, for the State.

Unless exceptions be taken and presented by the bill of exceptions to the action of the court in overruling a motion for a new trial, there is nothing before the appellate court for review except the record proper. Ross v. Railroad, 141 Mo. 390; State v. Murray, 126 Mo. 526; Danforth v. Railroad, 123 Mo. 196; State v. Gillum, 110 Mo. 1; State v. Harvey, 105 Mo. 316.

BURGESS, J.—Defendant was convicted in the circuit court of Holt county of burglary in the second degree and his punishment fixed at two years' imprisonment in the penitentiary.

He appeals.

While the record shows that defendant filed his motion for a new trial within four days after verdict as required by statute, and that the motion was overruled, it does not show that any exception was taken to the action of the court in overruling the motion, so there is nothing before this court for review save and except the record proper. [Ross v. Railroad, 141 Mo. 390; State v. Murray, 126 Mo. 526; Danforth v. Railroad, 123 Mo. 196; State v. Gilmore, 110 Mo. 1; State v. Harvey, 105 Mo. 316.]

The indictment is in form often approved by this court.

Finding no reversible error in the record we can but affirm the judgment. It is so ordered. GANTT, P. J., and SHERWOOD, J., concur.