## The State v. Hunter, Appellant.

### Division Two, December 12, 1899.

1. **Appeals:** NO EXCEPTIONS. However voluminous may be the bill of exceptions, if no exceptions were saved to the overruling of the motions for a new trial and in arrest, nothing but the record proper is before this court for review.

*Appeal from Newton Circuit Court.*—HON. JAMES C. LAMSON, Judge.

AFFIRMED.

J. W. BRUNK for appellant.

EDWARD C. CROW, Attorney-General, and SAM B. JEFFRIES, Assistant Attorney-General, for the State.

At the time the motion for a new trial and the motion in arrest of judgment were overruled by the lower court, the defendant failed to except thereto, and for his actions in thus failing to except and save his exceptions thereto in the bill, this court will take no cognizance of the question there involved unless it be to the record proper. Ross v. Railroad, 141 Mo. 390; State v. Murray, 126 Mo. 526; Danforth v. Railroad, 123 Mo. 196; State v. Gilmore, 110 Mo. 1; State v. Harvey, 105 Mo. 316; State v. Gray, 149 Mo. 458.

GANTT, P. J.—Defendant was indicted, arraigned, tried and convicted in the circuit court of Newton county of grand larceny of a certain black horse, the property of T. B. Durham, on June 1, 1897.

Quite a voluminous bill of exceptions is incorporated in the transcript sent to this court, but as no exceptions were saved to the overruling of the motions for new trial, and in

arrest of judgment, it is obvious that the matters *dehors* the record proper are not before us for review. [Ross v. Railroad, 141 Mo. 390; State v. Gilmore, 110 Mo. 1; State v. Gray, 149 Mo. 458.]

In the record proper we find no error whatever, and the judgment is accordingly affirmed.

BURGESS, J., concurs; SHERWOOD, J., absent.