Ross v. Ross.

## A. B. ROSS, Respondent, v. KATE ROSS, Appellant.

**St. Louis Court of Appeals, February 27, 1900.**

1. **Appeal:** DIVORCE: COMPLETE TRANSCRIPT: CAUSE AFFIRMED. Without a full transcript of the testimony an appellate court will not undertake to review the evidence in an equity or divorce suit, and make a finding of the facts that will affect the judgment of the lower court.

Appeal from the Butler. Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*Mortimer Matthews* for appellant.

(1) That plaintiff did not allege that the absence was without reasonable cause, and a divorce on this ground, if granted was contrary to law. (2) Without this allegation the charge does not constitute a ground of divorce. Freeland v. Freeland, 19 Mo. 354. If there was a desertion to condone, it was condoned. Twyman v. Twyman, 27 Mo. 383; Gillinwaters v. Gillinwaters, 28 Mo. 60. (3) Upon the whole case it is submitted that the decree giving plaintiff a divorce was against the law and the evidence, and that defendant should on this appeal be given a divorce with liberal alimony.

*E. R. Lentz* and *Louis F. Dinning* for respondent.

(1) The abstract of the record filed in this court by the appellant does not show that any exception was taken by appellant to the action of the trial court in overruling her motion for a new trial. This omission is fatal to this appeal. There is nothing here for review except the record proper.

It has been uniformly held in this state that unless an exception be taken and preserved by bill of exceptions, to the action of the trial court, in overruling a motion for new trial, there is nothing for the appellate court to review except in the record proper. R. S. 1889, sec. 2302; State v. Gray, 149 Mo. 459; Ross v. Railroad, 141 Mo. 395; State v. Murray, 126 Mo. 526; Danforth v. Railroad, 123 Mo. 198; Taylor v. Switzer, 110 Mo. 410; State v. Gilmore, 110 Mo. 1; State ex rel. Dopkins v. Hitchcock, 86 Mo. 231; McIrvine v. Thompson, 81 Mo. 647. (2) When the sufficiency of the testimony is questioned, so much of the transcript as contains all the evidence on that question must be set out in the abstract in *haec verba*. Nolan v. Johns, 126 Mo. 166; Goodson v. Railroad, 23 Mo. App. 76; Nickols v. Nickols, 39 Mo. App. 291; Garrett v. Coal Mining Co., 111 Mo. 279; Bowlin v. Creel, 63 Mo. App. 229; Christopher v. White, 42 Mo. App. 428; McCarroll v. Kansas City, 64 Mo. App. 283. (3) Uniformly, in this state, where the court is asked to review the evidence and determine its probative force, the whole of the evidence must be set out in the abstract. Trimble v. Nollman, 62 Mo. App. 541; Gunby v. Rodgers, 42 Mo. App. 465; Wilds v. German Ins. Co., 65 Mo. App. 78.

BLAND, P. J.—This appeal is here without a single exception having been saved to any of the rulings of the trial court during the progress of the trial. The pleadings are sufficient in form and substance and are unassailed. The evidence is here by abstracts. The original bill of exceptions it is said contains 300 pages of typewritten verbal testimony and 1,100 pages of additional testimony in the form of depositions. We are asked to reverse the judgment on the sole ground that the evidence does not warrant it. Without all the evidence we are unable to say that the court came to a

wrong conclusion. We would assume a very grave responsibility to undertake from 296 pages of abstracts of testimony covering 1,400 pages, to say that the judge erred who heard it all. Without a full transcript of the testimony an appellate court will not undertake to review the evidence in an equity or divorce suit, and make a finding of the facts. Wilds v. Insurance Company, 65 Mo. App. 78; Trimble v. Wollman, 62 Mo. App. 541; Nolan v. Johns, 126 Mo. loc. cit. 167. The presumption is that the judgment of the circuit court is for the right party; as far as the abstracts show it is supported by circumstantial evidence, and we affirm the judgment. All concur.