JOHN W. ALLEN, Appellant, v. L. A. FUNK, Respondent.

Kansas City Court of Appeals, November 5, 1900.

Appellate Practice: FILING BILL OF EXCEPTIONS: RECORD ENTRY. Where a bill of exceptions is filed in vacation, the record must show the indorsement of the clerk on the bill or entry in the record made by him, and the mere certificate of the judge that the bill was allowed within the time granted is not sufficient.

Appeal from the Cass Circuit Court.—*Hon. W. L. Jarrott,* Judge.

AFFIRMED.

*H. Clay Daniel* for appellant.

Submitted brief on merits.

*T. N. Haynes* and *J. S. Brierly* for respondent.

(1) The record filed in this court by appellant fails to show that any bill of exceptions was filed, and fails to show that any was allowed or signed by the trial court, and for these reasons the record proper, alone, can be considered in the appellate court. Williams v. Williams, 26 Mo. App. 408; Lumber Co. v. Howard, 76 Mo. 517; Linahan v. Barley, 124 Mo. 560; Cramer v. Akin, 49 Mo. App. 163; State v. Clark, 119 Mo. 426; Rule number 5 of this court. For the foregoing reasons respondent's motion to strike out the so-called bill of exceptions contained in the record filed by appellant, should be sustained. Wright v. Sheur, 55 Mo. 70.

SMITH, P. J.—This is an action which was brought to recover damages for an assault and battery. There was a trial and judgment for defendant and plaintiff appealed.

During the vacation of the court and on January 31, 1900, the time for filing the bill of exceptions was extended to February 10, 1900. The abstract of the record does not show either the indorsement of the clerk on the bill of the fact of filing nor any entry made by him in the records of the court to that effect. It is true, the bill of exceptions itself states that plaintiff "within the time heretofore allowed presents this his

bill of exceptions praying that it be signed, sealed and made a part of the record herein which is done accordingly this February 8, 1900."

This certificate of the judge does not suffice. It is now the well-settled rule of appellate practice that where a bill of exceptions is filed in vacation the record must show either the indorsement of the clerk on the bill of the filing or there must be a record entry of the fact made by him. Williams v. Williams, 26 Mo. App. 408; Lafollette v. Thompson, 83 Mo. 199; Fulkerson v. Houts, 55 Mo. 302; Ferguson v. Thacher, 79 Mo. 511. Both of these requisites are wanting here. There is therefore nothing before us for review except the record proper in which there seems to be no error.

It follows that the judgment must be affirmed. All concur.