D. D. BATES, Adm., etc., Appellant, v. RUTH & MENGAL REALTY COMPANY et al., Respondents.

### St. Louis Court of Appeals, April 23, 1901.

1. **Appeal: NO BILL OF EXCEPTIONS.** There is nothing in the record outside of the bill of exceptions to show that it was ever filed, no entry or minute of the clerk, and hence, it can not be considered.
2. ———: **MOTION FOR NEW TRIAL: NOT FILED WITHIN FOUR DAYS.** Neither does it appear that the motion for a new trial was filed inside of four days after the rendition of the judgment, which is fatal.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*Dinning, Hamel & Dinning* for respondent.

Bates v. Ruth & Mengal Realty Co.

(1) The alleged bill of exceptions forms no part of the record of this cause, for the reason that the same was not filed within the time given by the court in which the same should be filed. Ricketts v. Hart, 150 Mo. 681; Rimel v. Hayes, 83 Mo. 200; State v. Rolley, 135 Mo. 678; Finlay v. Gill, 80 Mo. App. 459. The so-called bill of exceptions in this cause does not show affirmatively that plaintiff's motion for a new trial was filed within four days (intervening Sunday excepted) after the rendition of the judgment in said cause. Bollinger v. Carrier, 79 Mo. 319. (2) The Supreme Court, speaking on this subject says: "The record must show affirmatively that this motion (for a new trial) was filed within the prescribed four days." Welch v. St. Louis, 73 Mo. 71; Moran v. January, 52 Mo. 523; State v. Marshall, 36 Mo. 400; State v. Brooks, 92 Mo. 542; State v. Arnold, 54 Mo. App. 660; Beckmann v. Ins. Co., 49 Mo. App. 604. (3) The so-called bill of exceptions does not show that any exception was taken by appellant in overruling his motion for a new trial. It has been uniformly held in this State that unless an exception be taken and preserved by bill of exceptions to the action of the trial court in overruling a motion for new trial, there is nothing for the appellate court to review except the record proper. R. S. 1899, sec. 864; State v. Gray, 149 Mo. 459; Ross v. Railroad, 141 Mo. 395; State v. Murray, 126 Mo. 526; Dunforth v. Railroad, 123 Mo. 198; Taylor v. Switzer, 110 Mo. 410.

GOODE, J.—This suit, which is one to set aside an alleged fraudulent satisfaction of a deed of trust and foreclose the same, is in no condition to be reviewed as the record stands. The judgment was rendered at the February adjourned term of the circuit court of Butler county. The motion for a new trial was overruled on the nineteenth day of May. The affidavit for appeal was sworn to the twenty-sixth day of the same

month. When it was filed is not shown. The appeal was granted and ninety days given in which to file the bill of exceptions. The record is entirely silent as to when this order was made but it must have been before the first Monday in June, because another term of court was due then. The bill of exceptions itself recites that it was filed in vacation on the second day of October. The most liberal inference in regard to when the order was entered allowing ninety days in which to file it, could not extend the time to near the day when it is recited to have been filed.

But there is nothing in the record outside of the bill to show it was ever filed, no entry or minute of the clerk. We, therefore, are precluded from considering it. Ricketts v. Hart, 150 Mo. 64; Rimel v. Hayes, 83 Mo. 200; State v. Rolley, 135 Mo. 677; Finlay v. Gill, 80 Mo. App. 458; State v. Harris, 121 Mo. 445; Walser v. Wear, 128 Mo. 652.

Neither does it appear that the motion for a new trial was filed inside of four days after the rendition of the judgment, which is likewise fatal. Bollinger v. Carrier, 79 Mo. 318; Bruns v. Capstick, 62 Mo. App. 57; State ex rel. v. Mason, 31 Mo. App. 211. Nor does it appear that the appellant saved any exception to the court's action in overruling said motion, which omission made utterly futile the previously saved exceptions. R. S. 1899, sec. 864; State v. Gray, 149 Mo. 458; Ross v. Railroad, 141 Mo. 390; State v. Murray, 126 Mo. 526; Danforth v. Railroad, 123 Mo. 196; Taylor v. Switzer, 110 Mo. 410; State v. Gilmore, 110 Mo. 1; State ex rel. v. Hitchcock, 86 Mo. 231; McIrvine v. Thompson, 81 Mo. 647; St. Joseph v. Ensworth, 65 Mo. 628; Ross v. Ross, 83 Mo. App. 330. No error is assigned, nor appears, except those which must have been saved by timely exceptions.

The judgment is therefore affirmed. All concur.