JENNIE B. FAST, Administratrix, etc., Respondent, v. IRA O. GRAY et al., Appellants.

Kansas City Court of Appeals, February 15, 1904.

APPELLATE PRACTICE: Motion for New Trial: Record Proper: Bill of Exceptions. The abstract of the record proper should show that the motion for a new trial was filed within the required time and likewise that the bill of exceptions was filed; otherwise there can be no review in the appellate court save of the record proper.

Appeal from Pettis Circuit Court.—*Hon. Geo. F. Longan*, Judge.

AFFIRMED.

*John Cashman* for appellants.

Filed brief on merits.

*Barnett & Barnett* and *Bruce Barnett* for respondent.

(1)   The appeal in this case should be dismissed for the reason that appellants have filed no abstract of the record as required by statute and the rules of this court. They have filed a statement containing some of the matters, which would properly belong to an abstract of the record, but they have filed no abstract nor

anything which purports to be an abstract. (2) The appeal should be dismissed for the further reason that appellant's brief fails to allege the errors committed by the inferior court as required by Rule 17 of this court.

SMITH, P. J.—This is an action that was begun before a justice of the peace and from there it was removed by appeal to the circuit court where the plaintiff had judgment and the defendants appealed here.

The plaintiff has raised the objection that the record before us does not show that a motion for a new trial was filed in the trial court within the time required by the statute nor overruled by that court. The case was brought here what is commonly known as the short method authorized by section 813, Revised Statutes. It is true that that which purports to be a bill of exceptions does recite the filing and overruling of the motion, but the abstract of the record entries made by the clerk fails to show the filing and subsequent overruling of such motion. This omission is not supplied by any epitome contained in any part of the abstract or the statement.

It is well settled in this State that unless the record proper affirmatively shows that the motion was filed within the time required by the statute no matter of exception can be reviewed, but only such errors as are apparent upon the face of the record proper. Hill v. Combs, 92 Mo. App. 242; McCormick v. Crawford, 98 Mo. App. 323; Bates v. Ruth, 88 Mo. App. 550; St. Louis v. Boyce, 130 Mo. 572; Danforth v. Railroad, 123 Mo. 198, and cases there cited.

Besides this, there is another objection equally fatal to that just noticed, which is, that there is nothing outside of the recitals in the bill of exceptions—no entry or minute of the clerk—which shows that it—the bill of exceptions—was ever filed. Therefore, under the repeated rulings of all the revisory courts of this

State, we are precluded from considering it.    State v. St. Louis, 174 Mo. 1. c. 125; Wilson v. Railroad, 167 Mo. 324; Roush v. Cunningham, 163 Mo. 173; Bates v. Ruth, 88 Mo. App. 552.

The restrictions operating upon our power to review preclude us from looking for errors beyond the face of the record proper, and finding no error there we are obliged to affirm the judgment.    All concur.