## DOCKERY, Respondent, v. LOWENSTEIN, Appellant.

**St. Louis Court of Appeals, January 8, 1907.**

APPELLATE PRACTICE: Transcript of Record: Record of Filing Motions for New Trial. Where, on appeal from an order granting a new trial and arresting the judgment, the transcript does not show the order but only shows the judgment which was arrested, and where the record proper does not show the filing of the motions for new trial and in arrest, such defects are fatal to the appeal and it should be dismissed.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

DISMISSED.

*Thomas P. Bashaw* for appellant.

GOODE, J.—This appeal was brought here on a short transcript, which shows the appeal was taken from the judgment on the merits. A complete abstract of the record has been filed by appellant and from this abstract, as well as from the briefs of counsel, we learn that the appeal, instead of being taken from the judgment, was taken from an order granting a new trial and arresting the judgment. The action was instituted before a justice of the peace to recover rent for certain premises in St. Louis, the statement alleging appellant abandoned the premises without respondent's consent

and without giving her or her agent a month's notice to terminate the tenancy. The rent sued for was for the period from the first of January, 1904, to the first of March of said year. Respondent filed a counterclaim consisting of four items, which were treated by the circuit court, whither the case was carried on appeal from the justice, as four separate counterclaims. The first item or counterclaim was for loss of the use of the third floor of the leased building during thirty-one months of the term, on account of damp walls caused by respondent's failure to keep the roof in repair as required by the terms of the lease. The damage demanded on this count was $310. The second item was $35 for putting in shelves in the third floor. The third item was for $100 damages due to being forced by a leaking roof to close, four different times, appellant's factory wherein he was engaged in manufacturing ladies' garments. The fourth item was for damages to certain merchandise and sewing machines caused by the leaks. The trial in the circuit court resulted in a verdict for respondent on her demand for rent in the sum of $181.90 and for appellant for damages in the amount of $45 on the first counterclaim, $10 on the second, $50 on the third and $100 on the fourth. Thereupon the court entered judgment in favor of appellant against respondent for the difference between the amount found by the jury in respondent's favor and the sum of the amounts found in favor of appellant on his counterclaims. This difference was $23.10. According to the transcript the appeal was taken from said judgment. The abstract of the record shows both parties filed motions for new trial and in arrest of judgment. The eighth ground assigned in respondent's motion for new trial was that the verdict of the jury was in excess of the damages claimed by appellant in the fourth item of his counterclaim, inasmuch as he only demanded $45 damages and the jury awarded him $100. The first ground assigned in

appellant's motion in arrest was the same. The second ground assigned by appellant in his motion in arrest of judgment, was because the damages allowed were wholly insufficient under the law and the evidence. The bill of exceptions recites the following rulings on said motions:

"Which said motions of plaintiff for a new trial on eighth ground  assigned and in arrest of judgment, on the first ground assigned, and of defendant in arrest of judgment on the second ground assigned, the court, on the 24th day of May, 1905, sustained, to which ruling and order of the court in sustaining plaintiff's said motions, the defendant, by his counsel, then and there duly excepted."

For several reasons this appeal cannot be considered. The statutes require an appellant who adopts the short transcript method of appealing, to file in the upper court a transcript showing a copy of the record entry of the judgment or order or decree appealed from in the cause. [R. S. 1899, sec. 813.] As stated, it is conceded the order appealed from was the one granting a new trial and arresting the judgment on motion of respondent. No such order is contained in the transcript. Moreover, the abstract of the record presented by appellant shows the judgment was arrested not only on motion of respondent, but on his motion too. Further, the abstract of record contains no showing outside the bill of exceptions, of the filing of motions for new trial and in arrest within the time allowed by law. The foregoing defects are fatal to the appeal and it is dismissed. [West Storage Co. v. Glasner, 150 Mo. 426, 52 S. W. 237; Fast v. Gray, 105 Mo. App. 694, 78 S. W. 1048; McCormick, etc., Co. v. Crawford, 98 Mo. App. 319, 72 S. W. 491.] All concur.