WILLIAM E. STEPHENS, Respondent, v. KOKEN BARBER SUPPLY COMPANY, Appellant.

St. Louis Court of Appeals, December 8, 1896.

1. **Contract**: BREACH OF WARRANTY: DAMAGES: EVIDENCE. In a suit begun before a justice of the peace, by a lithographing company, on a contract in writing for the contract price for certain lithographic pictures furnished defendant, where the defense admitted plaintiff's cause of action, and set up a claim for damages for a breach of an alleged warranty as to the quality of the work, but defendant, neither in the justice's court, nor in the circuit court, filed any statement for recoupment or counterclaim therefor, and all the testimony adduced by plaintiff in support of his contract and the acceptance of the work by defendant was oral, it was not error to direct a verdict for plaintiff.

2. ——: ——: ——: BURDEN OF PROOF. In such action, where it was shown, by the testimony of defendant and the statement of its counsel, as to the nature of its defense, that defendant accepted the work under the contract, and used a portion of the articles furnished, and that its claim for damages arose solely out of the breach of the alleged warranty, it was incumbent upon defendant to prove such warranty and the damages suffered for its breach; otherwise plaintiff was entitled to a recovery upon the admitted facts.

3. **Practice**: JUSTICES' COURTS: PLEADINGS. Though no formal pleadings are required in justices' courts, yet to avail himself of a counterclaim or set-off, defendant must file a statement thereof before trial.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*John B. Roeder* for appellant.

The evidence for plaintiff being entirely oral, the court erred—even if there had been no conflict in it, in giving a peremptory instruction to find for plaintiff. The instruction was equivalent to requiring the jury to believe the testimony for plaintiff. *Cleveland and A Mineral Land Co. v. Ross*, 36 S. W. Rep. (Mo.) 216, 218; *Huston v. Tyler*, *Id.* (Mo.) 654–657; *Wolff v. Campbell*, 110 Mo. 114–120; *Gregory v. Chambers*, 78 *Id.* 294–298; *Vaulx v. Campbell*, 8 *Id.* 224–227; *Bryan v. Wear*, 4 *Id.* 106–110.

The question as to whether plaintiff had fully complied with the contract sued on was for the jury. If he had not fully complied with his contract, he could not maintain an action on it, and, in order to recover, if at all, he must have sued on a *quantum meruit*. *Deatherage Lumber Co. v. Snyder*, 2 Mo. App. 1, 227; *Johnson v. Loomis*, 50 *Id.* 142; *Smith v. Haley*, 41 *Id.* 612–616, and cases cited; *Williams v. Chicago, S. F. & C. R'y Co.*, 112 Mo. 463, 491; *Lowe v. Senklear*, 27 *Id.* 308; *Downey v. Burke*, 23 *Id.* 228; *Helm v. Wilson*, 4 *Id.* 41.

*John H. Overall* for respondent.

The rule that, when the testimony is entirely oral, peremptory instructions should not be given, does not apply where the defense sets up new matter, and the evidence fails to make out a *prima facie* defense. *Wolff v. Campbell*, 110 Mo. 114.

The appellant having failed to file before the justice a statement of the counterclaim relied on, could not be permitted to claim, for the first time in the circuit court, that he was damaged because the work was not done according to contract. R. S. 1889, sec. 6138.

BOND, J.—Plaintiff is a printer and lithographer, and as such contracted in writing with defendant, a business corporation trading in barber supplies, to furnish it certain lithographic pictures for its catalogue. This agreement was entered into on March 28, 1895, and provided for the payment of $200 when the work should be completed and delivered, and $200 on the first of each month thereafter until the whole price, amounting to $1,277 was paid. About the last of May, 1895, defendant was notified of the completion of the work and requested to come and examine it. This was done, and defendant after some objections as to the strength of the colorings, which were finally waived, accepted the work, and ordered it to be delivered to a bindery. A few days thereafter it was discovered that the articles had been so piled at the bindery as to cause them to stick together. Upon defendant's complaint in this respect, plaintiff sent a man to look into the matter, who reported it was caused by improper handling and piling of the articles at the bindery. Thereafter defendant used a portion of the work, but refused to pay any part of the contract price. Plaintiff sued for the two first installments before a justice, alleging the performance of his contract, and the refusal of defendant to pay the price. Judgment was rendered for plaintiff before the justice and on defendant's appeal in the circuit court, from which the present appeal is taken.

Although there was evidence tending to show that the work was to be first-class, defendant neither in the justice's court, nor in the circuit court, filed any statement for recoupment or counterclaim for breach of this warranty. The error assigned here is that the trial court directed a verdict in favor of plaintiff. It is insisted that this should not have been done, inas-

much as all the testimony adduced by plaintiff in support of the performance of his contract and the acceptance of the work by defendant was oral, wherefore its credibility was a matter for the jury to determine. It is unquestionably the law that it is the peculiar prerogative of the jury to pass upon the credibility of oral testimony. This rule, however, does not deprive the court of the right in many cases to direct a finding upon such evidence. This was pointed out in *Wolff v. Campbell*, 110 Mo. *loc. cit.* 120, affirmed in *Cleveland Land Company v. Ross*, 36 S. W. Rep. 216. In the first case it is said: "There are cases where such an instruction may properly be given; as where the plaintiff's case, under the pleadings, turns wholly on the construction of a contract, the construction of which is simply a question of law; or where the answer admits the plaintiff's cause of action and sets up new matter as a defense, and the evidence fails to make out a *prima facie* defense." The latter contingency stated in the above rule is substantially what happened in the present case. Both by the testimony of defendant and the statement of its counsel, as to the nature of its defense, it was shown that defendant had accepted the work under the contract in suit and actually used a portion of the articles furnished, and that its claim for damages arose solely out of the breach of an alleged warranty as to quality. This put upon defendant the burden of proving such warranty and the damage suffered for its breach, otherwise plaintiff was entitled to recover upon the admitted facts. While no formal pleadings are required in justice's courts, still to avail himself of a set-off or counterclaim, defendant must file a statement thereof before the trial is commenced. R. S. 1889, sec. 6138. In the present case defendant did not file such statement in the justice's court before the trial of the matter of recoupment which was claimed

for breach of the warranty in the contract for the work. Hence the trial court did not err, under the facts in this record, in directing a verdict and giving judgment for plaintiff.

There are other errors assigned by defendant, which need not be discussed, as they are necessarily disposed of by this conclusion. The judgment herein will therefore be affirmed. All concur.