W. P. GANTT *et al.*, Respondents, v. P. W. Duffy *et al.*, Appellants.

| 71 | 91 |
|----|----|
| 91 | 476 |
| 71 | 91 |
| 98 | 321 |
| 98 | 322 |
| 98 | 619 |

St. Louis Court of Appeals, May 4, 1897.

**Promissory Note:** COUNTERCLAIM FOR DAMAGES EX DELICTO. In a suit on a promissory note or contract, damages arising out of tort can not be set up as a counterclaim or set-off. R. S. 1889, sec. 2050.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED; Judge BLAND concurring, Judge BIGGS dissenting.

*Charles R. McFarlane* and *W. W. Fry* for appellants.

Issues are made by the pleadings, and not by declarations of counsel in the opening statement to the jury. R. S. 1889, secs. 2118, 2120, 2121.

Opening statements of counsel as to facts he expects to prove on the trial have not the force of a binding admission. *Russ v. R. R.*, 112 Mo. 45.

Plaintiff's case is based upon a contract, a note given for the rent of a farm, and defendant's claim arises "out of the contract or transaction or connected with the subject of the action." R. S. 1889, sec. 2050.

By this section "in an action arising on contract" the right of counterclaim is given a defendant to plead "any other cause of action arising also on contract and existing at the commencement of the action." In such case it is immaterial whether defendants' claim is liquidated or unliquidated. *Green v. Conrad*, 114 Mo. 651, 667; *Kamerick v. Castleman*, 23 Mo. App. 481;

*Empire Co. v. Boggiano*, 52 Mo. 294; *Barnes v. Mc-Mullen*, 78 Id. 260, 273.

Value of crops may be recouped against note for purchase price of land. *Gordon v. Bruner*, 49 Mo. 570; *Emery v. R. R.*, 77 *Id.* 339; *Brockhaus v. Schilling*, 52 *Id.* 73; *McAdow v. Ross*, 53 *Id.* 199; *Ritchie v. Hayward*, 71 *Id.* 560.

*E. S. Gantt* for respondents.

Defendants, in their answer and counterclaim sue for a total of $287, which is beyond the jurisdiction of a justice of the peace. R. S. 1889, secs. 6122, 6142. See, also, *Emery v. R. R.*, 77 Mo. 349; *Reed v. Snodgrass*, 55 *Id.* 180.

No counterclaim was filed in the justice's court, and it was error to plead it in the circuit court. R. S. 1889, sec. 6346. *Oldham v. Henderson*, 4 Mo. 295.

In an action upon a promissory note, damages arising out of a different transaction and constituting a cause of action *ex delicto* can not be set up as a counterclaim. *Wilkerson v. Farnham*, 82 Mo. 672; *Hyde v. Hazel*, 43 Mo. App. 670; *Barnes v. McMullens*, 78 Mo. 260; *Emery v. R. R.*, 77 *Id.* 339.

A plea of counterclaim, which does not state the transaction out of which arose a certain item, is not sufficient to warrant the introduction of evidence thereto. *Fulton v. Stahl*, 17 Mo. App. 475.

An unliquidated claim may be pleaded as a counterclaim to plaintiff's cause of action, provided it arises out of the contract or transaction set forth in the petition, or where the counterclaim is connected with the subject of the action. *McAdow v. Ross*, 53 Mo. 206. See, also, *Gordon v. Bruner*, 49 Mo. 571.

BOND, J.—This action was begun by filing before a justice of the peace a note made by defendants

payable to plaintiffs for $393, dated January ———,
1895, payable on or before January 1, 1896, credited
with $203.02 on January 24, 1896, and $40 on February
7, 1896.   Upon a trial before the justice defendants
had judgment for $75 and costs, though neither the
transcript of the justice, nor the accompanying papers
show that any offset or counterclaim was filed in that
court.    Upon plaintiff's appeal to the circuit court they
introduced the note in evidence and rested.  Thereupon
defendants offered evidence tending to show that plain-
tiffs had received $203.02 as the proceeds of a sale of
broom corn belonging to defendants, and had accounted
for this sum, but that the corn was sold at less than its
market value, wherefore defendants claimed a further
credit equal to the difference between the price paid for
the corn and its alleged market value.   This evidence
was objected to by plaintiffs, for the reason that the
answer of defendants and their oral statement showed
that the damages claimed were unliquidated and arose
out of a tort not connected with plaintiffs' cause of
action.   This objection was sustained.   Neither the
record proper nor the bill of exceptions in this case
contains any answer, counterclaim or set-off
filed by defendants.   It is well settled that
to enable the defendant to rely on a set-off
or counterclaim, in a case like the present,
it must appear that a statement of such set-off or
counterclaim was filed before trial in the justice's court.
R. S. 1889, secs. 6138–6205, 6346, 6347.   *Stephens v.
Koken Barber Supply Co.*, 67 Mo. App. 587.   The
briefs of counsel on both sides contain an answer on
behalf of defendants, which claims damages for the
alleged failure of plaintiffs to account for the full value
of certain corn.   Respondents' brief states that the
answer in question was amended in the circuit court
after verdict, without leave, so as to reduce the amount

PROMISSORY
note: counter-
claim for dam-
ages ex delicto.

claimed therein within the jurisdiction of the justice of the peace, and that the record shows that the answer itself was not filed in the justices' court. It is not necessary in this case to rest our decision on the failure of the record to show the filing of a counterclaim before the justice, since the ruling of the trial court is well supported by the reason given that the damages claimed arose out of tort, and were therefore not proper matter of set-off or counterclaim against plaintiffs' action on a contract. R. S. 1889, sec. 2050. The bill of exceptions recites that the effect of the answer or counterclaim was to demand damages arising *ex delicto*, since it states that defendants' oral statement to that effect *conformed* to their answer. Hence it is clear that the evidence was properly excluded, and that there was no error in directing a judgment for plaintiffs for the balance due on the note.

The judgment is affirmed. Judge BLAND concurs; Judge BIGGS dissents.