E. L. SHEPHERD, Respondent, v. E. T. PADGITT et al.,
Appellants.

**Kansas City Court of Appeals, January 20, 1902.**

1. **Justices' Courts: COUNTERCLAIM: FILING STATEMENT.** If
the defendant is personally served he can not avail himself in a
justice's court of a set-off or counterclaim unless he files a state-
ment thereof, nor can he, on appeal, for the first time avail himself
of such right.

2. ————: **DECEIT: FAILURE OF CONSIDERATION: PRACTICE:
EVIDENCE.** In an action on a promissory note, the defense was a
partial failure of consideration by reason of the deceit of the plain-
tiff. *Held,* while the total failure of consideration may be shown
under the general issue, a partial failure resulting from deceit must
be set up and filed with the justice before evidence thereof is ad-
missible.

Appeal from Macon Circuit Court.—*Hon. N. M. Shelton,*
Judge.

AFFIRMED.

*J. T. Barker, Ellison & Campbell* and *J. C. Bradley*
for appellants.

(1)   Defendant in justice court is not required to plead
unless counterclaim is relied on.   Sec. 3852, R. S. 1899. (2)
A counterclaim is a cause of action and must allege facts
which would be legally sufficient to entitle defendant to recover
in an action instituted by him against the plaintiff.   19 Am.
and Eng. Ency. Pled. and Prac., 753, 754; McPherson v.
Meek, 30 Mo. 345; 22 Am. and Eng. Ency. Law (1 Ed.),
371.   (3)   Partial failure of the consideration of a note
does not constitute a counterclaim.   Carpenter v. Meyers, 32

Mo. 213), and in justice court need not be pleaded.  Voss v. Maguire, 18 Mo. App. 481.  (4)  The evidence tendered by defendants was in effect an offer to prove a warranty and a breach, thus showing a partial failure of consideration. Branson v. Turner, 77 Mo. 494; Werner v. O'Brien, 40 Mo. App. 489, and cases cited.  (5)  The failure of consideration of a note may be shown in justice court—no formal pleading required.  Sec. 3947, R. S. 1899.

*Joseph Park* for respondent.

(1)  The defendant shall before trial commenced . . . . file statement of his set-off or counterclaim.  R. S. 1899, sec. 3852.  (2)  The same cause of action, and no other, that was tried before the justice shall be tried before the appellate court on appeal.  R. S. 1899, sec. 4070.  (3) If summons shall be personally served on defendants no set-off or counterclaim shall be pleaded in the appellate court that was not pleaded before the justice.  R. S. 1899, sec. 4078. (4)  Defendant can not avail himself of set-off or counterclaim before the justice without filing the statement required by statute, nor can he on appeal for the first time avail himself of such right.    Stephens v. Koken Supply Company, 67 Mo. App. 587; Gantt v. Duffy, 71 Mo. App. 91; West v. Freeman, 76 Mo. App. 96.  (5)  Recoupment is now embraced in counterclaim.  Mo. Code Pleading, sec. 644. Hay v. Short, 49 Mo. 139; Gordon v. Bruner, 49 Mo. 570. (6)  Respondent respectfully submits that calling damages for breach of warranty, "failure of consideration," is a perversion of the term and confusing.  Brown v. Weldon, 27 Mo. App. 251.

SMITH, P. J.—This is an action which was begun before a justice of the peace on a promissory note to recover two hundred and forty dollars.  The plaintiff recovered a judg-

ment by default before the justice. The defendant in due time took an appeal to the circuit court, where there was a trial which resulted in judgment for plaintiff, and defendant appealed here.

At the trial in the circuit court the defendant offered to prove that at the time of the sale and as an inducement to the defendants to make the purchase, the plaintiff represented and stated to him that the sheep for which the note was given were sound and free from disease; that if the sheep had been sound and free from disease they would have been of a value equal to the amount of the note—that is, that would have been their reasonable value; that at the time of the purchase and sale of said sheep they were diseased and unsound; that the disease with which they were afflicted was one commonly known as scab, and that from the said disease which the sheep had at the time of the said statement and sale by plaintiff, about thirty of them died and the others suffered much injury and were rendered almost worthless by reason of said disease, and that the actual value of the sheep in condition in which they were at the time of the sale was only $25; which fact the defendant offers to prove as his defense in this case as showing a partial failure of the consideration of the note sued upon in this case; that the defendant is not claiming that he has been damaged by the plaintiff in any way, but is only seeking to show a partial failure of the consideration of the sale, in that the statements made as to the condition of the sheep by the plaintiff to the defendant were not true; but that the defendant believed them to be true and relied upon them in making the purchase. The plaintiff objected to the offer because the action arose in the justice's court where there was no pleading filed setting up a counterclaim, set-off or recoupment, and the defense attempted to be set up is one for damages for misrepresentation for warranty and can only be interposed by setting up such defense by a counterclaim in the court below. This objection was sustained, and there

being no other evidence offered, the court directed by an instruction that the jury return a verdict for plaintiff.

The sole question thus presented is as to the propriety of the action of the circuit court in rejecting the defendant's offers of proof.

The statute requires that in an action before a justice of the peace the defendant shall file his statement of set-off or counterclaim before the trial is commenced. R. S., sec. 3852. And where defendant has been personally served with summons, as here, the defendant can not avail himself of a set-off or counterclaim before the justice without filing the statement required by statute just referred to; nor can he on appeal for the first time avail himself of such right. R. S., sec. 4078; Stephens v. Supply Co., 67 Mo. App. 587; Gantt v. Duffy, 71 Mo. App. 91; West v. Freeman, 76 Mo. App. 96.

The defendant did not offer to prove a total failure of the consideration for which the note sued on was given. It was conceded by the defendant that the sheep for the purchase price of which the note was given were of the value of twenty-five dollars, and that it was only claimed by him that there was a partial failure of the consideration of the note; or, in other words, the defendant sought by his offers of proof to show that beyond the sum of twenty-five dollars the note was without any supporting consideration. The defendant sought to prove the fraud and deceit of the plaintiff in respect to the sale of the sheep.

In case of fraud in the sale of a chattel, where the purchaser on discovering the fraud retains the chattel, and thus affirms the sale, he is entitled to the damages he has sustained on account of such fraud. And in an action for the purchase price where the damages claimed are less than the amount of the purchase price, the vendee may set up those damages by way of counterclaim; but where there is a total failure of the consideration this may be shown under the general issue. The defense which the defendant offered to prove went to the

extinguishment of only part of the plaintiff's claim, and was for damages occasioned by the plaintiff's fraud in the sale of the sheep for which the note was given. These damages constituted a counterclaim (Brown v. Welden, 27 Mo. App. 251; Stephens v. Barber, 67 Mo. App. 588) which defendant was entitled to have set off against the note, but evidence of such a counterclaim could not be received unless a statement thereof had been filed before the justice as required by statute. No statement of such counterclaim was filed with the justice and therefore the court did not err in rejecting the defendant's offers of proof. The court very properly directed a verdict for the plaintiff.

The judgment must be affirmed. All concur.

