THE McCORMICK HARVESTING MACHINE
COMPANY, Appellant, v. C. B. CRAWFORD
et al., Respondents.

### Kansas City Court of Appeals, February 2, 1903.

1. **Sales: WARRANTY: COUNTERCLAIM: DAMAGES.** The damages growing out of the breach of warranty for the sale of a machine constitute a counterclaim when set up as a defense to an action on a note for the purchase price.

2. ——: ——: ——: **JUSTICES' COURTS.** And in a justice's court a statement of such damages must be filed before trial is commenced or the defendant can not avail himself thereof either in that court or on appeal.

#### ON MOTION FOR REHEARING.

3. **Appellate Practice: MOTION FOR NEW TRIAL: RECORD PROPER: ABSTRACT.** The abstract of the record proper must show the filing of the motion for new trial, and a mere recital of such filing in the bill of exceptions is insufficient.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*Rieger & Rieger* and *O. D. Jones* for appellant.

(1) The defense attempted can not be made unless pleaded in writing, or orally, and noted on the docket by the justice. "In trials before a justice of the peace in the absence of anything to the contrary, the defendant is presumed to plead the general issue." Reed v. Snodgrass, 55 Mo. 180; Bank v. Williamson, 61 Mo. 259. (2) Under the general issue, the defendant "may give in evidence any matters showing that the plaintiff never had any cause of action." 2 Greenleaf Ev., sec. 135. (3) Here the cause of action was confessed and de-

fendants undertook to avoid it, by a defense that must be pleaded. Frisby v. Rittman, 66 Mo. App. 418; Stephens v. Supply Co., 67 Mo. App. 587; West v. Freeman, 76 Mo. App. 96. Defendant filed no answer pleading "guaranty and warranty" of the machine and its failure. It devolved on defendants to show the machine was worthless for the purpose intended. Compton v. Parsons, 76 Mo. 455. Plaintiff's third instruction refused was error.

*Campbell & Ellison* for respondents.

(1) This appeal should be dismissed and the case stricken from the docket for the reason that the appellant's abstract of the record does not show: First. That appellant filed any affidavit of appeal, or that any appeal was ever asked for or granted. Second. That any bill of exceptions was preserved or filed in the case. Third. That any judgment was entered against appellant. (2) Almost all the defenses to the action of assumpsit have been made under a general denial. In the United States it remains for the most part in its former relaxed state; and accordingly where it has not been otherwise regulated by statute, the defendant, under the general issue, may give in evidence any matters showing that the plaintiff never had any cause of action; such as payment, duress, want of consideration. Greenleaf on Evidence, sec. 135; Wilt v. Ogden, 13 John 56; Stephen on Pleading, p. 179-182; Feeney v. Chapman, 89 Mo. App. 371. (3) Where a cause of action once existed but is terminated by some matter which has subsequently transpired, such new matter must be especially pleaded, but where the cause of action never existed, the appropriate answer is a denial of material allegations. Greenway v. James, 34 Mo. 328; Madison v. Nes. Pac. Co., 60 App. 608. (4) Where no defense is pleaded, defendant is presumed to plead the general issue. Reed v. Snodgrass, 55 Mo. 180. (5) A counter-

claim is a cause of action, and where no part of purchase price of machine was paid, defendant could have no cause of action against plaintiff. The defense was—that machine never did do the kind of work for which it was sold—therefore they were never liable on the note; therefore, a cause of action against them never existed and the defense need not be specially pleaded. Authorities above cited.

SMITH, P. J.—The transaction out of which this controversy arose may be stated in about this wise: The plaintiff sold defendants a "corn harvester," for the part of the purchase price of which the note sued on was given, and at the same time warranted it to have no side draft, and that it would do good work. The suit, which is on said note, was begun before a justice of the peace; from there it was later on removed by appeal to the circuit court where there was a trial resulting in judgment for defendants, and the plaintiff appealed.

At the inception of the trial the plaintiff objected to the introduction of any evidence by the defendants for the reason that they had admitted the execution of the note but had not filed, either before the justice or in that court, any statement of the counterclaim relied on by them as a defense to the action. This objection was by the court overruled and the propriety of that ruling is called in question here.

The evidence presented by the abstract shows that the defendants relied on a breach of the contract of warranty—claiming that the damages sustained by them in consequence of such breach were equal to the amount of the plaintiff's note and the interest that accrued thereon. The damages thus claimed by defendants constituted a counterclaim. Brown v. Weldon, 27 Mo. App. 251; West v. Freeman, 76 Mo. App. 96; Stephens v. Barber Supply Co., 67 Mo. App. 588; Gantt v. Duffy, 71 Mo. App. 91; Emery v. Railroad, 77 Mo. 339.

Vol 98 app—21.

Under the statute (sections 3852, 4078, Revised Statutes) in actions begun before justices of the peace the defendant is required to file his statement of set-off or counterclaim before the trial is commenced, and unless he does so he can not avail himself of either of such defenses, either there or in the circuit court. West v. Freeman, supra; Stephens v. Supply Co., supra; Gantt v. Duffy, supra.

Where a defendant files a statement of a counterclaim for damages growing out of a breach of warranty, as here, in an action on a promissory note for a sum equal to the amount due on the note, his defense is not that of failure of consideration except in the sense that the counterclaim goes to the extinguishment of the note. And whether such counterclaim goes to the partial or total extinguishment of the note, the requirement of the statute just referred to is exactly the same; that is to say, that in either case a statement of it (the counterclaim) must be filed before the justice in order to make it available as a defense anywhere; and anything declared in Shepherd v. Padgett (decided at the October term, 1901) to the contrary is hereby overruled.

It results from this that the ruling of the trial court must be disapproved.

Some complaint is made in respect to the instructions, but these need not be noticed further than to remark that as the defendants had not filed a statement of their counterclaim before the justice, as required by the statute, evidence tending to prove it was improperly admitted, the defense was not available to them, so that the plaintiff was entitled to the peremptory instruction requested; and the action of the court in failing to give it was erroneous.

It follows that the judgment must be reversed and cause remanded. All concur.

McCormick Mach. Co. v. Crawford.

ON MOTION FOR REHEARING.

SMITH, P. J.—The point was made in defendant's brief that the abstract of the record proper did not show that the motion for a new trial was filed. This was overlooked by us in the consideration of the case on the merits. He has again called our attention to the matter in his motion for a rehearing.

An examination of the record has disclosed that the objection was well taken. No such recitals anywhere appears in the abstract of the record proper, though it does appear from the bill of exceptions—but as said by us in Turney v. Ewins, 71 S. W. 543, the filing of it is a matter of record proper and can not be evidenced by the bill of exceptions. The evidence of the filing of it (the motion) must be found in the abstract of the record proper. Nothing else will do. Kirk v. Kane, 71 S. W. 463; Hill v. Coombs, 93 Mo. App. 264; Crossland v. Admire, 149 Mo. 650; Lawson v. Mills, 150 Mo. 428; Warehouse v. Glasner, 150 Mo. 426.

Accordingly, the judgment heretofore ordered by us to be entered in the cause will be set aside. And as there appears to be no error patent upon the face of the record proper, the judgment of the circuit court, must be affirmed. All concur.