## J. M. HUNTER, Respondent, v. GEORGE E. HELS-LEY, Appellant.

### Kansas City Court of Appeals, April 6, 1903.

1. **Justices' Courts: SET-OFF: STATEMENT: DEFENSE.** A statement of any set-off or counterclaim must be filed before the justice to be available as a defense.

2. **Evidence: PRIMA FACIE CASE: JURY.** The evidence relating to the amount of freight on certain goods is reviewed and is held sufficient to send the matter to the jury.

3. ———: **COMPROMISE: ADMISSION.** Declarations made by a party in an attempt to secure a compromise are inadmissible; but where the parties are seeking to arrive at the amount of difference between them, declarations as to the correctness of the result are admissible.

4. ———: **EXPERT: "GUESSES."** A merchant who has been accustomed to handling shoes is qualified by practical experience to give his judgment as to the weight of boxes of shoes; but where an expert testifies that he "guesses" or "expects" so and so, such testimony should be rejected unless it sufficiently appears that he intends to express his opinion.

Appeal from Benton Circuit Court.—*Hon. W. W. Graves,* Judge.

AFFIRMED.

*Lay & Lay* for appellant.

(1)   Evidence of an unexecuted compromise between the parties is not admissible for any purpose; nor are hypothetical or provisional estimates made during an attempt to settle differences.   Wright v. Gillespie, 43 Mo. App. 244; Huittman v. Viesselman, 48 Mo. App. 582.   (2)   The court erred in permitting Hunter to testify that he "expected a thousand dollars worth of shoes from Chicago would weigh from 3,000

to 5,000 pounds," because: (a) He had not shown himself qualified to testify as an expert. Marshall v. Bingle, 36 Mo. App. 122. (b) The weight of the shoes was not a matter to be established by expert or opinion evidence, being a fact susceptible of definite proof, and upon which the jurors were competent to form an opinion. Shoe Co. v. Bain, 46 Mo. App. 581. It appears from the testimony of the witness that his estimate was a mere "guess." Muller v. Gillick, 66 Mo. App. 500.

*W. S. Jackson* for respondent.

(1) While the defendant testified that the conversation objected to occurred during an attempt to compromise, the plaintiff testified that such was not the fact, and stated further that he was simply demanding the amount due him from defendant and trying to collect it from him, and further testified that defendant, at the time of this very conversation helped to adjust the amount of freight by himself and his agent and clerk, Brunz. And the trial court very properly remarked that under this state of the testimony, "The question as to whether they were trying to compromise or not was one for the jury," and so instructed them. (2) It was not error for the court to permit Hunter, and the other witnesses for plaintiff, to give their respective opinions as to the rate of freight and to the weight of different parts of the stock of goods. Coughlin v. Haeusler, 50 Mo. 126; Crabtree v. Vanhoosier, 53 Mo. App. 405; Rankin v. Rankin, 61 Mo. 295. (a) The admission of expert testimony is a question for the court in the first instance and is conclusive unless it appears to have been erroneous or founded on error of law. Hampton v. Masse, 53 Mo. App. 501; Benjamin v. Railroad, 50 Mo. App. 602. (b) None of the witnesses for the plaintiff who gave their opinions as to the weights of the stocks were, strictly speaking, experts; they were giving their best judgment as to weights,

value, etc., of the stock of goods with which they had worked and with which they were personally familiar, and it was competent for them to give their opinions on these points having shown such qualifications, whether they be regarded as experts, or not. 1 Greenleaf on Ev., sec. 440; Turner v. Haar, 114 Mo. 335; Seyfarth v. Railroad, 52 Mo. 449; Costigan v. Transfer Co. 38 Mo. App. 219.

SMITH, P. J.—The plaintiff and defendant entered into a written contract by which plaintiff agreed to take from defendant a farm valued at $18,000 and to give in exchange therefor certain other real estate valued at $4,600 and also a stock of merchandise, the latter "at cost *and freight added.*" The transaction to which the contract related was completed except the plaintiff insisted that the defendant had refused to pay him the freight on said stock of merchandise, as he had bound himself to do. And based upon this alleged breach of the contract, this action was begun before a justice of the peace to recover the amount of freight so claimed. In the circuit court, where the cause was removed by appeal, there was a trial by a jury whose verdict, under instructions impliedly admitted to have been correct in expression, was for the plaintiff. It is conceded that the contract heretofore referred to was entered into and that the defendant has paid nothing for freight on said stock of merchandise. The defendant in effect admits his liability to the plaintiff under said contract, but contends that under some oral agreement entered into between the plaintiff and himself, the plaintiff is indebted to him (defendant) for the discount which he (plaintiff) received on the cost price of goods by reason of paying cash therefor, in an amount equal to that for which plaintiff sued.

No statement of any set-off or counterclaim was filed before the justice, as required by sections 3852, 4078, Revised Statutes, and therefore that defense was

not available in the trial court. McCormick v. Craw-
ford (just decided by us); West v. Freeman, 76 Mo.
App. 96; Stephens v. Supply Co., 67 Mo. App. 589;
Gantt v. Duffy, 71 Mo. App. 93. And besides this, the
abstract nowhere discloses any evidence whatever which
in the least tends to prove that the plaintiff ever re-
ceived any discount whatever on any purchase of goods
so that defendant's defense was wholly unproved.
Whether such a defense was submitted by the instruc-
tions to the jury does not appear—the instructions not
being preserved by the bill of exceptions—nor is it
material to inquire.

It is no doubt true that the admission implied by
the nature of the defense interposed by the defendant
did not bind him and, therefore, the question remains
whether or not the plaintiff adduced sufficient evidence
to support the verdict. The obligation imposed on de-
fendant by the contract to pay plaintiff, as a part of the
purchase price of the goods, the amount of his outlay
for the freight, or the cost of carriage thereon, from
the place of purchase to that where the sale was made,
is conceded, so that the plaintiff, to make out his prima
facie case, was only required to prove the amount of
such outlay or some part thereof.

It appears from the evidence that the value of the
goods which the plaintiff transferred to defendant was
seven thousand dollars, and that the same were pur-
chased by plaintiff in Chicago, Cincinnati, St. Louis and
Jefferson City. That the freight paid on those pur-
chased at the last two places was sixty-five cents per
hundred. The first two are cities located in other States
and we may know are more distant than the last. The
freight paid on goods purchased at said first two places,
it may be safely assumed, at least equaled that paid on
those purchased at the last. There was some testimony
which tended to show the weight of the goods referred
to in the contract, which weight afforded a basis for the
computation of the aggregate amount of freight paid

thereon by the plaintiff. The bills of lading showing the amount of freight paid by plaintiff were left in the store when he turned the possession of it over to the defendant, but they had been lost or mislaid so that they could not be produced at the trial.

It appears that the plaintiff and defendant, with the aid of Brunz, an experienced clerk who was then employed by plaintiff when he carried it on, undertook on an occasion to ascertain and determine the amount of the freight which was due the plaintiff under said contract; that after ascertaining the various articles of merchandise and the value thereof on which no freight had been paid, and excluding the same from the computation, and "figuring" the amount due on the residue from such data and facts as were accessible, it was concluded all around that the freight paid by plaintiff would approximate three per cent on the value. It appears that the defendant, who, as already stated, took part in the undertaking, after it was through admitted that the result arrived at was right. In addition to this, the plaintiff testified that he was certain from the bills that he paid as much as two hundred dollars freight. It may be fairly inferred from the facts and circumstances disclosed by the evidence that the plaintiff paid a considerable amount of freight, but the difficulty encountered is in arriving at the exact amount. The proof as to this we think was sufficient to carry the case to the jury for its consideration, and no doubt such was the thought of the defendant, for it does not appear that either at the conclusion of plaintiff's evidence or at that of the whole evidence, he interposed a demurrer thereto.

But the defendant contends that when he and plaintiff ascertained and determined that three per cent on the value of the goods was the amount of the freight paid by plaintiff thereon, they were attempting to compromise their differences and that, therefore, the court erred in admitting evidence of the same. The rule is

well settled that declarations made by a party to a controversy in the course of negotiations looking to a compromise, are inadmissible. Huetteman v. Viesselmann, 48 Mo. App. 582; Fink v. Ins. Co., 60 Mo. App. 673; Ferry v. Taylor, 33 Mo. 323. But this rule has no application here, for the plaintiff testified that the ascertainment and determination of the amount of freight which was due him was not made for the purpose of effecting a compromise, but to ascertain the amount actually due plaintiff. There is nothing seen in the testimony of defendant to support the contention that the acts and admissions therein stated related to, or had for their object, a compromise settlement of the plaintiff's claim, and therefore we do not think the court erred in admitting such testimony. It is to be further observed that the defendant did not stand on his objection that the evidence relating to the ascertainment and determination of the freight paid by plaintiff amounted to three per cent of the cost of the goods, was incompetent, but in the evidence introduced by him he went fully into the details of that transaction; and therefore if the plaintiff invited the court into error he (defendant) is in no situation to complain, since he led the court into a like error, which thereby became common. Crabtree v. Vanhoozier, 53 Mo. App. l. c. 410.

While the plaintiff was testifying he was asked to state what, in his judgment, the thousand dollars' worth of shoes purchased by him in Chicago would weigh, and to which question the defendant objected on the ground that the plaintiff, according to his own admission, had never weighed a box of shoes in his life. It appears that the plaintiff was a merchant and had been accustomed to handling shoes, and no reason is seen why he was not sufficiently qualified by practical experience to give his opinion or judgment as to the weight of the boxes of shoes purchased by him in Chicago, on an issue like that in this case. Where a witness, though qualified to express an opinion, testifies that he

"guesses" or "expects" so and so to be the case, such testimony will be rejected, unless it sufficiently appears that these terms are used to express his opinion or judgment; and it is for the court to determine whether this is so. While evidence of this kind was not primarily the best, it seems to have been all that was obtainable under the then existing circumstances, and it, along with the other evidence, was, we think, sufficient to entitle plaintiff to a submission.

After a rather careful consideration of the entire case we have been unable to resist the conviction that the plaintiff is entitled to recover some amount, and we can not say that that found by the jury was wholly unauthorized by the evidence; and this being so, it follows that the judgment must be affirmed.   All concur.