## LUTA M. HARDING v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Division One, March 15, 1913.

1. **PRACTICE: Peremptory Instruction for Plaintiff.** Where the petition states a cause of action and its allegations are proven, and the answer contains neither a general nor a specific denial, but only affirmative defenses which do not constitute a cause of action, it is not error for the court to peremptorily direct the jury to find for plaintiff.

2. **NEGLIGENCE: Peremptory Instruction for Plaintiff.** Where the petition alleges general negligence on the part of defendant in the operation of its railroad and trains, on one of which plaintiff's husband was being carried at the time he was killed in a collision between defendant's trains, and defendant's answer admits it was a common carrier and that plaintiff's alleged husband was on defendant's train at the time a collision took place, and avers that he was riding on a pass issued at the request of the United States Government by which he had been placed on said train for the purpose of distributing mail, that he assumed all risk of injury that might occur to him by reason of the fact that he was so carried on said train, and that plaintiff had received from the Government an indemnity or insurance of $1000 for her husband's death, which payment was a bar to the action, on proof that plaintiff's husband was killed in the manner stated in the petition, that he was her husband, and that his death occurred through the negligence of the station agent in failing to deliver a telegraphic dispatch notifying the trains at what point they should pass, the court is authorized to give a peremptory instruction to the jury to find for plaintiff. The answer contained neither a general nor a specific denial of the allegations of the petition, but the only issues tendered were the affirmative defenses set up by it, and they did not constitute a defense. Such an answer does not traverse any statement of the petition, and hence does not deny that deceased was plaintiff's husband.

Harding v. Railroad.

LAMM, J., dissenting on the point that the answer raised no issue of fact because of its form, but concurring on the ground that the technical error of directing a verdict for plaintiff in no way affected the merits, since only one verdict is possible under the established facts or would be tolerated or allowed to stand by the court.

3. ———: Postal Clerk: Riding on Pass. The fact that plaintiff's husband was a mail clerk, riding on defendant's train on a pass requested by the United States, did not render him any the less a passenger.

4. ———: ———: Indemnity from Government. The fact that plaintiff received from the United States one thousand dollars as an indemnity for the loss of her husband, killed by a collision while he was riding on defendant's train and engaged in distributing the mails, did not debar her from bringing and maintaining suit against the railroad company for negligently killing him.

5. ———: Instruction: Measure of Damage. The negligent failure of a railroad company's servants to cause the telegraphic orders for the running of its trains to be delivered to the trainmen and to be observed, is negligence of the kind referred to in Sec. 5425, R. S. 1909.

6. ———: ———: ———: Error Invited by Defendant. An instruction asked by defendant and refused by the court, telling the jury that $2000 was the proper verdict unless they should believe that plaintiff would have received more from her husband in money and support had he not been killed, invited any error the court may have committed in giving an instruction for plaintiff telling the jury that they must assess her damages for the negligent killing of her husband at not less than $2000, and invited any error the court may have committed in submitting the case as one authorized by Sec. 5425 instead of by Secs. 5426-7, R. S. 1909.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin*, Judge.

AFFIRMED.

*Robert T. Railey* and *James F. Green* for appellant.

(1) The court erred in directing a verdict for the plaintiff. Milliken v. Comm. Co., 202 Mo. 655; Wolf v. Campbell, 110 Mo. 114; Gregory v. Chambers, 78

Mo. 298; Bryan v. Ware, 4 Mo. 105; Vaulx v. Campbell, 7 Mo. 224; 1 Thompson on Trials, sec. 1037; Bank v. Hammond, 124 Mo. App. 177; Gannon v. Gas Co., 145 Mo. 519; McReynolds v. Railroad, 115 Mo. App. 680. (2) Harding was not a passenger on defendant's train, and therefore proof of a collision did not make a prima-facie case in plaintiff's favor. Price v. Railroad, 113 U. S. 221; Martin v. Railroad, 203 U. S. 292. (3) Plaintiff's instruction on the measure of damages was erroneous. Boyd v. Railroad, 236 Mo. 75; Wilburn v. Railroad, 36 Mo. App. 215; Camp v. Railroad, 94 Mo. App. 284; Hart v. Railroad, 94 Mo. 256; Badgely v. St. Louis, 149 Mo. 122; Stephens v. Railroad, 96 Mo. 207. (4) The failure of an operator to deliver an order to a conductor is not negligence in operating a train, and therefore an instruction authorizing a recovery under Sec. 5425, R. S. 1909, was improper. Culbertson v. Railroad, 140 Mo. 63; Higgins v. Railroad, 36 Mo. 432; Casey v. Railroad, 205 Mo. 724.

*Glendy B. Arnold* and *Frank T. Miller* for respondent.

(1) Where all of the material allegations of plaintiff's petition are admitted by the defendant, a peremptory instruction to the jury to return a verdict for the plaintiff is always proper. Wolff v. Campbell, 110 Mo. 114; Stephens v. Barber Supply Co., 67 Mo. App. 587; Crawford v. Stayton, 131 Mo. App. 263; Hoster v. Lang, 80 Mo. 234; Wilbur v. Railroad, 110 Mo. App. 689; Casey v. Bridge Co., 114 Mo. App. 65; Magoffin v. Railroad, 102 Mo. 540. Every fact essential to plaintiff's right to recover was admitted by the defendant, both by its amended answer and by its counsel at the trial. (2) Appellant's only instruction given to the jury, admits that the deceased was the husband of the plaintiff. (3) "It is fundamental that

what is admitted by the pleadings is unnecessary to be shown by the testimony." Such admissions may be either express or implied. McKenzie v. Railroad, 216 Mo. 1; Lynch v. Railroad, 208 Mo. 1. (4) The plea of contributory negligence contained in defendant's amended answer admits the material allegations of plaintiff's amended petition. Allen v. Transit Co., 183 Mo. 411. (5) The amended answer in this case contains no denial of the allegations in the amended petition. The allegation contained in defendant's answer, that: "Defendant denies each and every allegation in such petition contained not hereinbefore expressly admitted," has been held by this court not to be a general denial. Derzell v. Ins. Co., 176 Mo. 253. (6) "A United States postal agent riding on a railroad train in the discharge of his duties, under a contract between the government and the company, occupies the position of passenger with respect to the company's liability for its negligence." Mellor v. Railroad, 105 Mo. 455; Jones v. Railroad, 125 Mo. 666; Magoffin v. Railroad, 102 Mo. 540; Breeden v. Insurance Co., 220 Mo. 327. This is the rule in all the States where this question has come up for decision, except in one State. 6 Cyc. 542. (7) Plaintiff's instruction on the measure of damages is not erroneous. "If an instruction given for the plaintiff on the measure of damages is not erroneous in itself, but is' good as far as it goes, the defendant must, if it desire an instruction which is more specific or which contains limitation, ask such." Waddell v. Railroad, 213 Mo. 8. (8) The failure of the operator to deliver the order was negligence on the part of the defendant in the operation of its train, giving plaintiff a cause of action under Sec. 5425, R. S. 1909. The telegraph operator handling train orders, controlling the movements of defendant's trains, is engaged in the operation of such trains. Melloy v. Railroad, 173 Mo. 75; Hennessy v. Railroad, 173 Mo. 86. (9) Conceding with-

out admitting, that deceased was a free passenger and a "licensee" on the defendant's train, as contended by defendant, still plaintiff is entitled to recover on the pleadings and evidence. Under all the decisions the railway company owes its "licensees" ordinary care. The collision was proof of the breach of this duty. (10) Appellant's answer admits that deceased was riding on its train with its knowledge and consent, on a free pass. Under this admission deceased was a free passenger and entitled to the same degree of care as a passenger for hire. Young v. Railroad, 93 Mo. App..267; Jones v. Railroad, 125 Mo. 666.

## STATEMENT BY THE COURT.

This action is for damages on account of the death of William H. Harding, who was a railway postal clerk and was killed in a collision between two of defendant's trains, on one of which he was being carried, near Knobnoster, Missouri, July 2, 1908.

The petition alleges general negligence of the defendant in the operation of its railroad and trains.

The answer of defendant admits its incorporation, its business as a common carrier of passengers, and that plaintiff's alleged husband was on defendant's train when a collision took place; avers that he was riding on a pass issued at the request of the United States Government, by whom he had been placed upon said car for the purpose of ·distributing the mail instead of making distribution at stationary post offices of said Government; that the only compensation received for the transportation of the United States mails is paid by the Government at so much per hundred pounds; that plaintiff's alleged husband was at the time of his injury in a standing posture, and was injured on that account; and averred that he had assumed all risk of injury that might occur to him by reason of the fact that he was so carried on said train; that plaintiff had received from the United States Gov-

ernment $1000 indemnity or insurance for her husband's death, which payment it alleged was a bar to this action; that the injury sued for was the result of the direct contributory negligence of the plaintiff's alleged husband. The answer concluded, to-wit: "Defendant denies each and every allegation in said petition contained, not hereinbefore expressly admitted."

The evidence disclosed that the plaintiff's husband was killed in the manner stated in the petition; that he was at that time earning a salary of $1200 a year; that he was the husband of the plaintiff; and that the injury occurred through the negligence of a station agent in failing to deliver or communicate a telegraphic dispatch warning the trains at what point they should pass.

At the conclusion of the testimony, the court gave an instruction at plaintiff's request and over the objection of defendant, to-wit:

"The court instructs the jury that, under the pleadings and evidence in this case, you will return a verdict in favor of the plaintiff for not less than two thousand dollars, nor more than ten thousand dollars, in the discretion of the jury."

The jury returned a verdict for $5500. The defendant duly perfected an appeal to this court.

## OPINION.

### I.

BOND, J. (after stating the facts as above).— The only question presented for review is the correctness of the instruction set out in the foregoing statement. Appellant insists that there were two issues which arose on its answer resting on matters in pais, and touching which oral testimony was adduced; that these issues should have been submitted. This contention is made on the theory that its answer denied the allegations of the petition, that plaintiff was the wife of the deceased, and that the collision was

negligently caused. But this notion overlooks the fact that the answer of defendant was in the form of neither a general nor specific denial; and, hence, the only issues tendered by it were the affirmative defenses therein set up. As to, these, defendant adduced no evidence in support of any of them which were sufficient in law to preclude a recovery. The fact that plaintiff was an employee of the Government, riding on a pass, did not render him any the less a passenger under the settled law of this State. [Magoffin v. Railroad, 102 Mo. 540; Mellor v. Railroad, 105 Mo. 1. c. 460; Jones v. Railroad, 125 Mo. 1. c. 676.] Neither did the receipt by plaintiff of an indemnity on the death of her husband debar her from bringing this suit. As to the remaining special defenses (contributory negligence and assumption of risk) no evidence whatever was given on the trial, and no error is assigned in the brief in this court. This leaves the case to rest on the admitted and undenied allegation of the petition, that plaintiff's husband was killed while occupying the legal status of a passenger, by the negligent operation of defendant's trains. This state of the matter, in the absence of countervailing evidence, entitled plaintiff to an instruction to find in her favor. [Stephens v. Koken Barber Supply Co., 67 Mo. App. 587; Wolff v. Campbell, 110 Mo. 114.] This result was caused by the omission of defendant to insert either a general or specific denial in its answer, as authorized by statute. If the answer had contained a separate defense of a general denial or a specific denial of the allegations of the petition, then the defendant would have been entitled to a submission to the jury of any issues thus joined; but defendant did not take either course. Its answer was a unit; it was not subdivided into paragraphs or separate defenses, but the whole, including the last paragraph referred to, was set forth without break or separation in one continuous body of allegations. It has been repeatedly ruled in this State that

such an answer does not have the effect of traversing any of the statements of the petition, and that the only issues arising upon it are those which are joined by the reply denying its affirmative defenses. [Dezell v. Fidelity & Casualty Co., 176 Mo. 1. c. 279; Young v. Schofield, 132 Mo. 650; Boles v. Bennington, 136 Mo. 522; Snyder v. Free, 114 Mo. 360; Long v. Long, 79 Mo. 644; State ex inf. v. Delmar Jockey Club, 200 Mo. l. c. 63, 64.]

Testing defendant's answer by this rule, it will be seen that the effect of its express admissions and the want of a general or specific denial were sufficient to establish plaintiff's prima-facie right to a recovery, and that the instruction under review was proper unless it contained reversible error in some other respect, than the failure to submit to the jury the question as to whether plaintiff was the wife of the deceased, or whether the collision of defendant's trains was negligent.

## II.

The defendant claims the instruction was erroneous as to the measure of damages, in that it told the jury they must find not less than $2000. We think there was no error in this. First, because the negligent failure of defendant's servants to cause the running orders of its trains to be observed was a negligence of the kind referred to in section 5425, Revised Statutes 1909; and the measure of damages specified in that section was properly stated in the instruction. Secondly, but if the cause of action had been one under the succeeding sections of the statute (sections 5426-7), still there was no reversible error in the present instruction, for the reason that defendant by its instruction numbered 6 (refused by the court) asked the court to submit to the jury that $2000 was the proper verdict unless they should believe plaintiff would have received more from her husband in "money or support" had he not been killed. This action of defend-

ant clearly invited any error in the present instruction which it might have contained if this suit had been brought under different sections of the statute. [Whitmore v. Supreme Lodge, 100 Mo. 1. c. 47.; Clippard v. Transit Co., 202 Mo. 1. c. 446; Smart v. Kansas City, 208 Mo. 1. c. 204.]

The judgment in this case is affirmed.

*Woodson, P. J.,* and *Graves, J.,* concur in result; *Lamm, J.,* concurs in separate opinion.

## OPINION CONCURRING IN RESULT.

LAMM, J.—Error to be reversible on appeal must materially affect the merits or substantial rights of appellant. So the statutes ordain and so runs the good sense of the thing. All things, says Coke, are sustained or impugned either by reason or authority. The rule in regard to reversible error may rest on either.

Quicked by such precepts it is plain that, on all the facts of this case, there was no reversible error in the instruction. This, because:

On the proof educed and admissions there was only one side to the case.. Observe the witnesses were uncontradicted and unimpeached by direct testimony or by the physics of the matter. Therefore, there could have been only one just result, viz., that reached. Moreover, in ultimate legal effect liability was assumed to exist as a matter of law by both parties. I do not mean that defendant in so many words admitted liability, but what it did in its pleading accompanied by what it failed to do in its proof was tantamount to that. Hence, the technical error of directing a verdict in no way affected the merits. When only one result is possible and would be tolerated or allowed to stand by the court, as here, why in reason may the court not say so and have the matter over with? Under the peculiar facts of this record (and putting my concurrence on that sole ground) I concur

in the result reached by my learned brother Bond, but I do not agree that the answer raised no issue of fact because of its *form*. As I understand our decisions, such has not been hitherto the trend of the doctrine of this court. The unhappy form adopted has been criticised, but to let a case break on such mere form of answer where it was unassailed below and the merits are here for adjudication, has not been the rule. The practice of the court is the law of the court. (*Cursus curiae est lex curiae*.) In Long v. Coal & Iron Co., 233 Mo. 1. c. 732 et seq., the cases on this head are reviewed.