EMMA J. FRISBY, Respondent, v. JOS. RITTMAN,
Appellant.

Kansas City Court of Appeals, May 4, 1896.

1. **Justices' Courts**: SET-OFF: NOTICE: STATUTE. The statute
requires the defendant to give either written or verbal notice in court
of the filing of his set-off, and where he fails to do so in the justice's
court and the plaintiff has no notice of such filing, the set-off is prop-
erly stricken out on motion in the circuit court.

2. **Res Adjudicata**: FORMER REPLEVIN: SURPLUS PROCEEDS OF MORT-
GAGE. Where defendant by virtue of a chattel mortgage recovers in
replevin the mortgage property from the plaintiff, in a subsequent
action by the plaintiff against the defendant for the surplus proceeds
on foreclosure, the controversy is not *res adjudicata*.

*Appeal from the Johnson Circuit Court.*—HON. W. W.
WOOD, Judge.

AFFIRMED.

*Robertson & Caudle* for appellant.

(1) Respondent's motion to strike out portions of
appellant's amended answer should not have been sus-
tained. A defendant may set-off any demand he has
against plaintiff. R. S. 1889, sec. 6204; *Green v.
Conrad*, 114 Mo. 651. (2) Instruction 4, given on
part of respondent, is wrong from beginning to end;
there was evidence of *res judicata;* it was a proper

defense and should not have been withdrawn by the court from the jury. "While it is true that in the action of replevin ordinarily, the only question is the right of possession, yet if the interested party in the subject-matter of the controversy interposes and sets up special matter to defeat the claim, that matter is concluded by that litigation." 2 Black on Judgments, sec. 671; *Railroad v. Levy*, 17 Mo. App. 501–509; *Wood v. Ensel*, 63 Mo. 193; 2 Black on Judgments, secs. 616–627 (latter part); *Strong & Gantt v. Ins. Co.*, 62 Mo. 289; 33 Mo. App. 608; *Murphy v. De France*, 101 Mo. 151; *Sconce v. Lumber Co.*, 54 Mo. App. 509; *Nave v. Adams*, 107 Mo. 414; *Sampson v. Mitchell*, 125 Mo. 217; *Dickey v. Heim*, 48 Mo. App. 114; Herman on Estoppel and Res Adjudicata, secs. 222–277. "The onus is on the party against whom the record is used to prove the contrary." Herman on Estoppel and Res Adjudicata, sec. 254.

*Geo. W. Harrison* and *Chas. E. Morrow* for respondent.

(1) The court did not err in sustaining plaintiff's motion to strike out a portion of the defendant's answer. R. S. 1889, sec. 6205; R. S. 1889, secs. 6205 and 6364. (2) One filing a set-off in effect brings a suit against the plaintiff for its amount. *Russell v. Owen*, 61 Mo. 185. The notice of a filing of a set-off is required by statute. R. S. 1889, sec. 6205. (3) Appellant's contention that the issues in this case were adjudicated in the replevin suit is not good. The issues in the replevin suit were the validity of the Rittman mortgage and his right to possession under it.

ELLISON J.—Plaintiff was the owner of two mules, which had been mortgaged to defendant by the party from whom plaintiff had purchased them. Defendant

instituted a suit in replevin against the party who was holding the mules for plaintiff. He disclaimed any interest in the controversy and plaintiff was made a defendant in that suit. The suit resulted in defendant's recovering the mules from this plaintiff. He afterward foreclosed his chattel mortgage and the mules brought at the foreclosure sale $84.50 more than the debt under the mortgage. Plaintiff thereupon instituted this action against defendant, before a justice of the peace, for the surplus, and recovered judgment on appeal in the circuit court. The suit was begun before the justice on March 14, 1894. On April 17, a change of venue was taken to another justice. On April 20, a motion to dismiss was filed by defendant and overruled, and the cause set for trial on April 27. On April 21, the defendant (plaintiff not being present) appeared before the justice and filed a fee bill in the replevin suit aforesaid, as a set-off. When the day of trial, April 27, arrived, plaintiff appeared, but defendant made default, and the justice, after hearing the evidence, found for plaintiff. The set-off was not considered. Afterward, defendant appealed to the circuit court, where he filed what was termed an amended answer, setting up the fee bill aforesaid as a set-off. Plaintiff filed a motion to strike out that part of the answer containing the set-off. It should be stated that the set-off consisted of the costs which were adjudged in defendant's favor in the replevin suit aforesaid. The court heard evidence in support of the motion to strike out which showed that plaintiff had no knowledge of the filing of the set-off. It is provided by section 6205 Revised Statutes, 1889: "To entitle a defendant to set-off any demand, he must give notice thereof in court, either verbal or written, before the jury is sworn, or the trial submitted to the justice; and when the set-off

·or counterclaim is founded upon an instrument of writing, executed by the plaintiff, or by his testator, or intestate, or upon an account, he must at the time ·of giving such notice file with the justice such instrument, or a bill of items of such account."

There was nothing in the evidence or in the record to show that plaintiff had any notice of the set-off, at the time it was filed, or prior to the trial before the justice. It was therefore properly stricken out in the ·circuit court. The mere filing of a set-off with the justice is not sufficient. There should be a written or verbal notice given to the plaintiff. Strictly speaking, the notice, if verbal, should be noted on the justice's ·docket. If written, a copy should be filed with the papers. In this case, there was not only no notice, but the paper was filed at a time when the plaintiff was not in court, and who, in point of fact, did not know ·of its being filed.

An examination of the instructions given for plaintiff, and those refused for defendant, shows that the court did not commit error in the action taken. Those for plaintiff are not subject to the criticism ·offered by defendant. We can not see where any question of *res adjudicata* finds place in this case. The court having properly disposed of defendant's set-off, it left little in the case, and what it did leave was fully and properly submitted to the jury in the instructions given for the parties. Under these circumstances, we ·can only affirm the judgment. All concur.