BEEKMAN LUMBER COMPANY, Respondent, v. GLENDALE LUMBER CO., Appellant.

St. Louis Court of Appeals.   Submitted on Briefs May 5, 1911.
Opinion Filed June 6, 1911.

1. JUSTICES' COURTS: Payment as Defense: Pleading.   On appeal to the circuit court from a justice's court, payment may be shown as a defense, without being pleaded, although payment is an affirmative defense which, in cases originating in the circuit court, must be pleaded; but payment, within such rule, does not include the purchase by defendant of an outstanding claim against plaintiff.

2. ————: Counterclaims: Assigned Account: Pleading.   An account against one who instituted an action in a justice's court, purchased by the defendant, can be made available as a defense only by way of counterclaim, under section 7446, Revised Statutes 1909, and where such an account is not pleaded in the justice's court, it cannot be given in evidence as a defense in the circuit court.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney,* Judge.

AFFIRMED.

*Hattie Greensfelder* for appellant.

(1) If the same facts offered in evidence constitute both a defense and a counterclaim they should be construed as setting up a defense. 31 Cyc., 225-226; Brower v. Nellis, 6 Ind. App. 323; Shain v. Belvin, 21 Pac. 747; McConihe v. Hollister, 19 Wis. 269; Burrall v. De Groot, 5 Duer, 379; Love v. Oldham, 22 Ind. 51; Hellenbrand v. Stockman, 123 Ind. 998. (2) Though defendant did not plead before the justice of the peace, it may, in the circuit court on appeal, offer oral evidence as a defense to show that plaintiff's claim has been paid, and so defeat plaintiff's cause of action. Hines v. Stephens, 119 S. W. 664 (Ark).; Railroad v. Hall, 44 Ark. 375; St. Louis Type Foundry v. Medes, 60 Iowa, 525; Boos v. Dulin, 103 Iowa, 331; Gholston v. Ramey, 30 S. W. 713; Harrold v. Barwise, 30 S. W. 498; Blanton v. Langton, 60 Tex. 149; Boudon v. Gilbert, 67 Texas, 689; Railroad v. Denson, 26 S. W. 265; Rhea v. Bagley, 49 S. W. 492;Brown v. Reed, 62 S. W. 73 (Tex.); 24 Cyc. of Pleading and Practice, p. 724; Kidby's Digest of Arkansas Statutes, secs. 4671, 4682. (3) It may be stated that a plea of payment can not be regarded in the same light as a set-off or counterclaim, which are barred by the statutes in the circuit court if not pleaded at former trial before the justice of the peace. Shepard v. Padgitt, 91 Mo. App. 473; Stephan, on "Pleading," pp. 179-182; Greenleaf on "Evidence," sec. 135. "Payment is defined to be the act of paying, or that which is paid; discharge of debt, obligation or duty; satisfaction of a claim; recompense; the fulfillment of a promise, or the performance of an agreement; the discharge in money of a sum due." 6 "Words and Phrases," p. 5248; Stokes

v. Stokes, 54 N. Y. Supp. 319; 6 "Words and Phrases,"
p. 5248; Root v. Kelley, 80 N. Y. Supp. 482; Bantz v.
Basnett, 12 W. Va. 772; Scott v. Gilkey, 49 Ill. App.
116; Bank v. Cookman, 1 W. Va. 69; Clay v. Lakenan,
101 Mo. App. 563; Rider v. Culp, 68 Mo. App. 527.

*Davis Biggs* for respondent.

The court did not err in refusing to permit the
defendant to introduce in the circuit court evidence
pertaining to its alleged counterclaim or set-off when
the record failed to show the defendant had filed its
counterclaim or set-off with the justice or given notice
thereof as required by the statute. R. S. 1909, secs.
7446, 7586; Frisby v. Rittman, 66 Mo. App. 418; Har-
vester Co. v. Crawford, 98 Mo. App. 319; Nursery
Co. v. Heaney, 106 Mo. App. 302; Stephens v. Supply
Co., 67 Mo. App. 587; West v. Freeman, 76 Mo. App.
96; Gantt v. Duffy, 71 Mo. App. 93; Hunter v. Helsley,
98 Mo. App. 473.

REYNOLDS, P. J.—Plaintiff, respondent here,
commenced its action before a justice of the peace of
St. Louis county, by filing a statement of an open ac-
count for lumber alleged to have been sold by plaintiff
to defendant, to the amount of $233.38, claiming that
amount and interest thereon from April 15, 1907. Per-
sonal service was had on defendant. While plaintiff
appeared before the justice, defendant neither ap-
peared nor filed any pleading, making default. Judg-
ment going against it, defendant in due time appealed
to the circuit court. On trial there before the court
and a jury, plaintiff introduced evidence tending to
prove that the lumber covered by the statement filed
had been sold and shipped to defendant in St. Louis
county from Kansas City; that the amount of the bill
was $309.74, against which defendant was entitled to
a credit on account of freight paid by it from Kansas
City to St. Louis in the sum of $76.36, which credit

plaintiff gave, leaving a balance due plaintiff of $233.38, the amount sued for in addition to interest. There was evidence tending to show that defendant's officers had acknowledged the receipt of the lumber and agreed to the correctness of the account less a deduction of $12, which they claimed was due on account of shortage in the contents of the car. There was evidence to the effect that this was the only objection that had been made by defendant to the bill.

At the conclusion of the testimony for plaintiff, counsel stated that the defense of defendant was that it did not owe this money to plaintiff; that defendant claims to be the assignee of an account for legal services rendered by a gentleman who, we understand is the president or secretary of defendant and also an attorney at law. When counsel for defendant made this statement, counsel for plaintiff, interrupting, objected, on the ground that this claim had not been set up as a counterclaim or off-set before the justice, and could not be first interposed in the circuit court. To this counsel for defendant replied that they could not file a suit on it, because the demand of defendant was beyond the statutory jurisdiction of the justice. It was admitted, however, that no counterclaim or off-set had been filed before the justice, nor in the circuit court, but counsel for defendant contended that defendant desired to show that it did not owe any money to plaintiff. The court said that he would concede that defendant had purchased some outstanding claim against plaintiff, to which counsel for defendant answered, "Yes." The court then asked if a counterclaim or off-set had been pleaded in either court. Counsel for defendant answered that it had not "for the reason that we did not wish to file a counterclaim." Whereupon the court sustained the objection on the ground that it would be virtually bringing in a counterclaim in the circuit court which could not be done under the condition of the pleadings, no counterclaim

having been filed or pleaded before the justice. Counsel for defendant stated that they offered, as a defense, to prove that plaintiff company is indebted to defendant company in the sum of $500 together with accumulated interest on that sum, and offered to prove by witnesses present that plaintiff company is indebted to defendant in this sum, offering such testimony not for the purpose of a counterclaim in the action or asking any judgment thereon, but merely as a matter of defense, for the purpose of showing that defendant, in this action, is not justly indebted to plaintiff in any sum whatever but that on the contrary, plaintiff company is indebted to defendant in an amount in excess of that claimed in this action, and an amount in excess of the sum for which the justice before whom the cause originated could have entertained a counterclaim, and in excess of the sum for which this court on a trial anew and on appeal from the justice could consider such counterclaim, and that this cause of action to defendant arose before the inception of the suit herein. This offer to make this testimony was objected to, objection sustained, defendant duly saving exceptions and announcing that it had no further evidence.

Whereupon the court instructed the jury that if they believed from the evidence that defendant, on the day named, received from plaintiff a carload of lumber and that the amount agreed to be paid therefor was the sum of $233.38, their verdict should be for plaintiff in that sum with interest, but if they believed from the evidence that defendant agreed to pay the said sum less the sum of $12 on account of a shortage in lumber in the car, they should find for plaintiff in the sum of $233.38, less the $12, and that they should find interest for plaintiff on whatever amount they allowed from the time that they found the first demand to date of trial, if they found from the evidence that demand had been made, at the rate of 6 per cent per annum.

Defendant duly saved exception to this. The jury returned a verdict in favor of plaintiff for $275.46. Defendant filed a motion for new trial, assigning among other grounds excessive amount. Whereupon plaintiff voluntarily remitted two dollars from the verdict, the verdict covering the debt and interest. Judgment followed for $273.46, and the motion for new trial being overruled, defendant duly saved exception and perfected an appeal to this court.

Learned counsel for defendant argue that in appeals from judgments of justices of the peace to the circuit court, the cause is there tried *de novo*; that in actions before a justice of the peace, no formal pleadings are required therein, but the general issue is presumed to be pleaded; that under that, the defendant may show any matter which tends to defeat plaintiff's action; hence it is claimed that on a trial anew in the circuit court, the rule is the same. Hence it is contended that if the same facts offered in evidence constitute both a defense and a counterclaim, they should be construed as a defense, and although defendant did not plead a counterclaim before the justice of the peace, it may, in the circuit court, on appeal, offer oral evidence in defense, to show plaintiff's claim had been paid and so defeat plaintiff's cause of action. Counsel further argue that it may be stated that the plea of payment cannot be regarded in the same light as a set-off or counterclaim, which are barred by the statute in the circuit court if not pleaded before the justice of the peace. "Payment," counsel argues, quoting from accepted authority, "is defined to be the act of paying, or that which is paid; discharge of a debt, obligation or duty; satisfaction of a claim; recompense; the fulfillment of a promise, or the performance of an agreement; the discharge in money of a sum due;" and the defense of payment, "in its most restricted sense, is the discharge in money of a sum due; but in its most general acceptation, it is the fulfillment

of a promise, the performance of an agreement, the accomplishment of every obligation, whether it consist in giving or doing. It is not a technical term, and has been imported into law proceedings from the exchange, and not from law treatises.''

It must be admitted that the learned and very industrious counsel for defendant has cited authorities from other jurisdictions that lend support to this contention. However much we may regard these as expositions of the law by learned courts, we cannot follow them under the construction which has been placed by our own courts upon our statute, ever since that statute was adopted. In our practice act governing proceedings before justices of the peace, section 7446 provides: ''To entitle a defendant to set off any demand, he must give notice thereof in court, either verbal or written, before the jury is sworn or the trial submitted to the justice; and when the set off or counterclaim is founded upon an instrument of writing executed by plaintiff, or by his testator or intestate, or upon an account, he must at the time of giving such notice file with the justice such instrument or a bill of items of such account.'' In numerous decisions of our courts this section is held to be mandatory, the clause requiring a verbal or written notice imperative. [See Frisby v. Rittman, 66 Mo. App. 418.] Counsel for defendant admits this, as we understand, but claims to be outside of it, in that what defendant attempted to give in evidence at the trial in the circuit court was not a counterclaim or set-off, but a defense of payment, which it is claimed can be made under the general issue and, in the justice's court, and on appeal from it, without pleading. We may admit that payment can be shown, when the cause is one originating in the justice court, without being pleaded, although payment is an affirmative defense, which, in causes originating in the circuit court, must be pleaded. But that does not meet the point. It is not material what

a defense is called, the essential fact to be determined is the real nature of the defense. The claim of payment here made does not fall within the definition of payment which counsel has set out. It is not pretended that anything passed between plaintiff and defendant in extinguishment of the demand of plaintiff. The claim is that by reason of defendant having become the owner by assignment of a claim existing in favor of a third party and against plaintiff, that defendant can call that payment, can avail itself of that under a plea of payment. We cannot agree to this. Clearly and distinctly purchase of an outstanding claim against plaintiff by defendant was not a payment of the demand which plaintiff holds against defendant. It exists, if at all, as an off-set against the demand of plaintiff and can be available only by way of counterclaim. That the amount is beyond the jurisdiction of the justice, is immaterial; it is a counterclaim which only can be availed of by being pleaded, if there pleadable, or sued on in a proper action. The Missouri authority cited and seemingly relied on by counsel for defendant, Sheperd v. Padgitt, 91 Mo. App. 475, is against counsel. Judge Smith, speaking for the Kansas City Court of Appeals, there distinctly holds that plaintiff cannot interpose a counterclaim or a defense in the circuit court founded on a counterclaim, when it did not interpose or bring forward the counterclaim before the justice. He then says that in the case before the court, "The defense which the defendant offered to prove went to the extinguishment of only part of the plaintiff's claim, and was for damages occasioned by the plaintiff's fraud in the sale of the sheep for which the note was given. These damages constituted a counterclaim, . . . which defendant was entitled to have set off against the note, but evidence of such a counterclaim could not be received unless a statement thereof had been filed before the justice as required by statute. No statement

of such counterclaim was filed with the justice and therefore the court did not err in rejecting the defendant's offers of proof.'' It is there held that the fact that the off-set did not cover the whole claim did not deprive it of its character as a counterclaim; that the fact that defendant did not offer to prove a total failure of consideration for which the note sued on was given, and it was only claimed by him that there was a partial failure of consideration of the note, did not destroy its character as a counterclaim. It was available as such as far as it went—not having been given in at all before the justice, it was not available before the circuit court. It is no authority for the proposition here made, that the offer to prove the extinguishment of the whole debt, not by a payment in money or property or by any transaction between plaintiff and defendant, but by proof of an indebtedness from plaintiff to defendant by reason of the defendant having purchased the account against it, should have been accepted. The offer to prove the assigned account amounts to nothing more and can be construed into nothing other than an offer, under the guise of a plea of payment, to get the benefit of a counterclaim without pleading a counterclaim; to recover on that which can only be recovered when pleaded as a counterclaim. Here it is attempted to do that without defendant having given any notice whatever to plaintiff, when the case was before the justice that any such claim was to be made or that the defendant claimed to be the owner of any right of cross-action, thus depriving plaintiff of the opportunity which the statute expressly gives to prepare to meet a claim set up against it. Notice and opportunity to defend is at the very root of our statute concerning counterclaims. A plaintiff is always supposed to go into court prepared to meet a defense that destroys his right of action on the account upon which he is sued. He is not supposed to go into court prepared to meet a claim which, until the trial

is had, much less until the case comes on for trial in the circuit court, there is nothing to show that he had ever heard of as in existence as against his demand. The wisdom and fairness of this rule finds illustration in this very case. There is not a suggestion in this record that plaintiff had ever heard that defendant had, by assignment, become the owner of any claim against it, nor, for that matter, that it had ever heard of the existence of any such claim. To adopt the view here contended for by the very industrious counsel for appellant, would engraft an entirely new feature upon our law relating to the presentation of counterclaims before justices of the peace and subsequent action of the case on appeal in the circuit court. We are unwilling to do that.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.* concur.

